## No. 5883.

### I. STONE ET AL *v.* A. DAY.

1. FRAUD—EXECUTION SALE.—An execution sale of property which has been levied on by the sheriff in violation of law, the levy being thus illegally made under the persuasion of one who became the purchaser thereof at such sale, for a grossly inadequate price, may, as to such purchaser, be avoided by the judgment debtor.
2. EVIDENCE.—When the issue is whether one who was the apparent purchaser of property, but who was alleged to have been insolvent, really purchased it, or permitted his name to be used as a purchaser to aid the fraudulent designs of the real purchaser, any testimony directly tending to show that such apparent purchaser did not have enough money or property of his own to effect the purchase, is admissible. In this connection it can be shown what were his business employment and habits, as to being frugal or prodigal, but evidence that he frequented saloons and houses of ill fame is too remote, and should be excluded, as tending to improperly prejudice the jury.
3. PLEADING.—Every reasonable intendment will be indulged in favor of a petition or answer when the exceptions thereto, though special in form, are general in substance, and fail to point out specific defects in the pleading excepted to.
4. NECESSARY PARTY.—When, in a suit to set aside an execution sale on account of the fraud of the purchaser, there are no equities to adjust between the judgment creditors and the purchaser, no complaint being made as to the validity of the judgment and execution, the creditor is not a necessary party, and when the relief is sought against the original purchaser, through whose fraud the sale was consummated, the proceeding is not collateral in its character.

APPEAL from Somervell. Tried below before the Hon. T. L. Nugent.

This suit was commenced by the appellee, A. Day, against the appellants, I. Stone, Rosa, Sarah and Zatie Stone, to try title to three lots, situated in Cleburne, and to recover possession thereof with rents and damages. Verdict and judgment in favor of the appellee for the land and for one thousand two hundred and thirty-eight dollars and fifty cents for his damages, from which appellants prosecute this appeal. Appellee alleged in his petition that, on the fifteenth of December, 1877, the appellant I. Stone purchased from Lorance the land in controversy for two hundred dollars; that at the time of the purchase he was largely

indebted, and did not own enough property to pay his debts; that before this time Edward and John Martin recovered a judgment against said Stone for four hundred and five dollars and costs, and that afterwards A. Day & Son recovered a judgment for five dollars and thirty-two cents and costs; that said lots were levied on by virtue of executions issued under said judgments, and the lots were regularly sold by the proper officers on third of September, 1878, and that they were bid off by appellee, he paying eighty dollars under the Martin execution, and twelve dollars under execution of A. Day & Son, and received deeds respectively from the sheriff and constable who made the sales. It was also alleged that the purchase of the lots was made and the purchase money paid by I. Stone, with intent to hinder, delay and defraud his creditors; and, to conceal and cover up his title to the property, he induced Lorance to execute the deed to the lots to Simon Stone, his brother, and thereafter, on December 24, 1877, with the fraudulent intent aforesaid, he caused the said Simon to execute a deed, upon the recited consideration of love and affection to the said I. Stone, to the lots in controversy, for the use of appellants Rosa, Sarah and Zatie Stone, children of the said I. Stone; that he recorded said deed and went immediately into possession and made valuable improvements, and had since held possession, collected rents, etc. That said Simon never paid or received any consideration for the lots, and that the rental value of said property was thirty dollars per month.

To this, appellants pleaded the general denial, and specially that Simon Stone purchased the said lots with his own money; that he was a single man, and the uncle of Rosa, Sarah and Zatie, and greatly attached to them, and for that reason conveyed the lots to I. Stone in trust for their use. That I. Stone did not purchase the lots from Lorance or furnish any money for that purpose; but that the purchase price was paid with money that belonged absolutely and exclusively to the said Simon.

Appellants further pleaded that at the time of making the levies under which the lots were sold, the said I. Stone lived at Cleburne, Johnson county, and owned and held and possessed in his own right, free from incumbrance, subject to execution, personal property situated and then being in Johnson county, of value more than sufficient to have paid off the said judgments of the Martins and of A. Day & Son, which fact was well known to appellee, A. Day, and to L. B. Davis, attorney for the Martins. That no demand was made on I. Stone for payment

Statement of the case.

by the officers having said execution, nor to point out property on which a levy might be made; that their failure to do so was at the special instance of appellee and L. B. Davis, attorney for the Martins, with the fraudulent intent of overreaching and defrauding appellants. That the land in controversy was divided in three separate and distinct lots, with a cottage on each lot of the value of seven hundred and fifty dollars, and all of the aggregate value of two thousand two hundred and fifty dollars, which facts were well known to appellee and said Davis at the time of said levies, and that well knowing all of these facts appellee induced said levies to be made on all of said lots for the purpose of defrauding and oppressing the said I. Stone. That after said levies appellant went to said officers and proposed to point out personal property situated in Johnson county, unincumbered and subject to execution, and to which he had good title, more than sufficient to pay said execution; that this offer of the appellant I. stone, to point out property was well known to appellee before the sale under said execution, but with intent to defraud appellants, the said appellee induced said officers to refuse to release said levies on said land, and to refuse to levy on said personal property; that said levies and the sales under them were illegal and void, and appellant's tendered into court the purchase price paid by appellee and interest from date of payment; and that said land was sold under said execution sales at a price grossly and shockingly disproportionate to, and below its true value.

To this answer appellee demurred, the grounds of which are in substance:

First. If the lots were not the property of I. Stone, or bought with his money, the levy could not be fraudulent as to him.

Second. Because, the other appellants, not being parties to either execution, neither the alleged fraudulent conduct of the plaintiffs in execution, and the officers, nor the levy or sale of the property could effect them in any way.

Third. Because the alleged fraudulent conduct of appellee and said officers amounts to irregularities only, which can not be reached except by direct suit against officers and all parties plaintiff in execution, and can not be taken advantage of in a collateral proceeding, as herein atttempted, the plaintiffs in execution not being parties to this suit.

Fourth. Because it is not averred that I. Stone was not present at the sale, or that there was any unfairmess in the sale or

that Stone made any request either at or before the sale, that
the lots be sold separately.

These exceptions were sustained, and the answer stricken out,
to which appellants excepted and assigned the same as error.

*James W. Brown* and *W. F. Ramsey,* for appellants: On their
proposition that the gross and shocking inadequacy of the price
bid by appellee in connection with the irregularities alleged and
the fraudulent conduct of appellee and the attorney of Edward
and John Martin, as charged, was sufficient if true to have
avoided said sales of the land in suit, cited Pearson v. Hudson,
52 Texas, 352; Taul v. Wright, 45 Texas, 388; McLaury v. Mil-
ler, 64 Texas, 381; Allen v. Stephanes, 18 Texas, 658; Chamblee
v. Tarbox, 27 Texas, 139.

*L. B. Davis* and *D. T. Bledsoe,* for appellee: On their proposi-
tion that if there were irregularities in the sales which would
have authorized the setting aside of them, these can only be
reached by some proceeding instituted for that purpose by a
proper person to which the parties to the suits under which the
sales were made, as well as the purchasers, were parties, cited
Clark & Bro. v. Mittenthal, 5 Texas Law Review, No. 19, page
286; Odle v. Frost, 59 Texas, 687, 688; Allen v. Stephanes, 18 Texas,
658; Pearson v. Flanagan, 52 Texas, 280; McKinney v. Jones, 7
Texas, 598; Freeman on Executions, sections 306, 307, 253.

MALTBIE, JUDGE. It will be observed that appellee's excep-
tions are but little more than an amplification of the general
demurrer, and that he does not except to appellant's special
answer on account of defective statements or want of fullness
in the allegations, and hence all reasonable intendments will be
indulged in favor of the pleading. Although the personal prop-
erty alleged by I. Stone to be in Johnson county is not described
nor its value stated, except in comparison with the amount due
on the executions, yet these allegations are believed to be good
under the exceptions urged, and the question is fairly presented
whether the facts stated, giving to them their full force and
effect, are sufficient to avoid the sheriff's sale under which ap-
pellee claims title to the land. The jury having found that the
property belonged to I. Stone, so far as the present trial is con-
cerned, it will not be necessary to notice the first nor second
exceptions.

The third exception seeks to avoid the force of appellant's answer, on the ground that this is a collateral proceeding and the plaintiffs in execution are not parties, and that the conduct of the appellee and officers complained about were mere irregularities. There is no complaint as to the validity of either judgment or execution, and therefore the plaintiffs in execution are not necessary parties; there being no equities to adjust between the purchaser and execution creditors, and this being a proceeding by the owner of the land against the original purchaser at the execution sales to set them aside, is in no sense a collateral proceeding.

It is complained that the appellee, who was the purchaser of the land at the execution sale, combined and confederated with the officers whose duty it was to make the levy and sale, to violate the laws passed for their direction in making such sales, and that the land sold brought only one twenty-second part of its value. It is not alleged that the conduct of appellee contributed to the grossly inadequate price for which the lots were sold. But it is alleged that the combination and confederation between appellee and the officers was for the purpose and with the intent to oppress and defraud I. Stone; and, through the agency of appellee and the attorney of the other plaintiffs in execution, the officers were induced to forego levying on personal property, as the law commanded them to do, before touching the improved real estate and to levy on the lots; and that the disastrous consequence was, that the property sold at less than one twentieth of its value and that appellee was the gainer to that extent by his positive frauds, if the answer is to be taken as true. The precise question involved has not been decided in this State; but in a motion for rehearing, in the case of Odle v. Frost, 59 Texas, 689, Chief Justice Willie uses the following language:

"As to the failure of the sheriff to demand a levy of appellant before proceeding to sell the land, this court has held the statute in such respects directory, and that the failure to comply with its requirements would not necessarily render the sale void. If it be shown that the failure is the result of a fraudulent combination between the sheriff and plaintiff in execution, the result might be different." But no such facts were shown or attempted to be shown in that case.

It has been held in Kentucky that where a sheriff had failed to give proper notice of an execution sale, and a person cognizant of the fact induced the officer to sell, and became the

purchaser, such conduct of the sheriff was illegal, and the purchaser being particeps criminis, the sale was illegal and void for fraud, and will be set aside. (Hayden v. Dunlop, 3 Bibb. 216.)

Here the appellee is alleged to have induced the officers to violate the law, in levying upon the property, and to have become the purchaser at the sale, at a grossly inadequate price, and we are of the opinion that a sale thus procured is illegal, contrary to public policy, and may be avoided, as to the purchaser, at such sale. It follows that there was error in sustaining the exceptions to appellant's special answer.

Appellee seeks to sustain the ruling of the court, upon the ground that the uncontradicted testimony in the case, as he alleges, shows the answer of appellants to be false. In sustaining the exceptions, the district court, in effect, notified appellants that the facts alleged in their answer was no defense to the action, and that no evidence would be heard in support of their allegations; and now appellee, at whose instance said answer was stricken out, ought not to be heard to say that the allegations in the answer are proven to be false, appellants not having had an opportunity to establish the truth of the same before the jury that tried the case.

During the progress of the trial one of the issues being whether Simon Stone purchased the lots in question with his own money. A witness for appellee was permitted to state over appellants objections that Simon Stone was dissipated in his habits, and an habitual frequenter of saloons and houses of ill fame, which is assigned as error. Any testimony directly tending to show that Simon Stone had no money or not enough to have purchased the property in controversy would have been admissible though it might have prejudiced the jury against appellants; and in this connection it would have been competent to have shown whether he owned any property, or was seen with money at or before the time of the purchase, whether he was engaged in any business, whether frugal or prodigal in his expenditure and whether he was industrious or indolent in his habits, whether there were judgments or executions against him, and other facts of like character having a tendency to elucidate the issue. (Abbott's Trial Evidence, page 616, secs. 5 and 6.)

The evidence objected to was in reference to the personal habits of Simon Stone, in directions where a good deal of

money is supposed to be squandered, but not tending to show that he was of extravagant habits, or if so, the tendency would be remote; and being calculated to prejudice the minds of the jury, should, in our opinion, have been excluded.

Other errors are assigned, but not in such a manner as to require notice. For the errors considered we report that the case ought to be reversed and remanded.

*Reversed and remanded.*

Opinion adopted October 25, 1887.