# ROCK CREEK OIL CORPORATION et al. v. MOORE et al.*

### No. 3589.

Court of Civil Appeals of Texas. Amarillo.
April 8, 1931.

Rehearing Denied May 6, 1931.

Writ of Error Granted July 22, 1931.

---

*Writ of error granted.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellants.

Dorenfield, Foster & Fullingim, of Amarillo, for appellees.

JACKSON, J.

This suit was instituted in the district court of Potter county, Tex., by the plaintiffs Lydia B. Moore, S. Hendrie Buffington, E. K. Whitehead, Frank E. Rogers, and William B. Rankin, against the defendants Rock Creek Oil Corporation, a corporation, Ed R. Mayer, its president, and C. G. Mayer, its secretary, to enforce by a mandamus the statutory right of plaintiffs, as stockholders in the Rock Creek Oil Corporation, to inspect the books and records thereof, and to make or cause to be made an audit of such records, books, accounts, receipts, vouchers, bills, etc., and all other documents kept by such corporation evidencing the financial condition thereof.

The plaintiffs alleged that they are stockholders; that they had made written demand of the defendants to be permitted to examine and have audited the books, records, etc., of the defendant corporation; that the defendants failed to permit the plaintiffs to examine or make an audit as demanded and have attempted to annex such burdensome and unlawful conditions to plaintiffs' right as to amount to a refusal thereof.

The conditions imposed by the defendants before they would allow the plaintiffs to examine and audit the books, as requested, are substantially set out in Johnson Ranch Royalty Co. et al. v. Hickey et al., in an opinion by Chief Justice Hall, reported in (Tex. Civ. App.) 31 S.W.(2d) 150, to which reference is here made.

The defendants filed a general demurrer and numerous special exceptions to appellees' petition. As a justification for refusing the plaintiffs' demand, the defendants alleged that, since the organization of the defendant corporation in 1926, Ed R. Mayer had been president thereof, and that until April, 1929, he, C. R. Mayer, M. E. Bates, E. K. Whitehead, and C. A. Leland had constituted the board of directors; that the defendant corporation had a full, correct, and complete audit of its books and business made annually, which truly revealed the financial condition of the company; that such audits were made while M. E. Bates, E. K. Whitehead, and C. A. Leland were each members of the board of directors and made with their knowledge and consent and without objection. That the books and such audits are kept open to the plaintiffs and all other stockholders; that a summary of such annual audit was each year mailed to each stockholder; that duplicate originals of each of such audits were delivered to M. E. Bates and E. K. Whitehead, to which plaintiffs have access; that plaintiffs have knowledge and information of all of such facts and of the financial affairs and conditions of the defendant corporation.

That at a regular stockholders meeting in April, 1929, Ed R. Mayer, C. G. Mayer, Robert Officer, T. E. Durham, and John H. Gilmore were elected directors of such corporation, and M. E. Bates, E. K. Whitehead, and C. A. Leland, although they made an active campaign among the stockholders to be re-elected to the board of directors, were defeated.

That for months prior to the stockholders' meeting in April, 1929, M. E. Bates and E. K. Whitehead were so unfriendly to the president of the corporation that they, in communications sent by them to other stockholders, attacked the character and integrity of the president of the company, and such antagonism and hostility handicapped the business of the defendant corporation. That the efforts of said Bates and Whitehead to be re-elected and to retain on the directorate their colleague C. A. Leland were actuated by their desire to have such control of the business of the corporation as to enable them to interfere with the services of Ed R. Mayer, should he be continued as president. That Bates and Whitehead secured the assistance of a small coterie of the stockholders, including the plaintiffs, who are and were partisans of Bates, Whitehead, and Leland, and shared their hostility toward the president of the company. That Bates, Whitehead, and Leland, together with the plaintiffs, were greatly chagrined and incensed when the said Bates, Whitehead, and Leland were defeated for directors, and in this suit all of said parties are acting in concert and pursuant to a common understanding with the intention of securing a so-called audit with which to serve their purpose of gratifying their enmity against Ed R. Mayer; creating agitation, demoralization, and dissatisfaction among the stockholders and arousing in the minds of the public doubts as to the financial stability of the corporation; that M. E. Bates has been dealing in the capital stock of the corporation and desires to continue, and, by instigating through plaintiffs a demand for the examination and audit of the books and the institution

of this suit, intends to demoralize the affairs of the corporation, produce an unsettled market for its capital stock, and thereby facilitate her exploitation of the stockholders for her own interest, all of which tends to the destruction of such corporation and is against the interest of the stockholders and the value of their stock.

That, while said Bates and Whitehead were on the board of directors, their hostility and antagonism to the president of the corporation became generally known, and such condition resulted unfavorably to the corporation, and when the plaintiffs, acting in concert with Bates and Whitehead to accomplish the end sought by them, began the activities leading up to the institution of this suit, the market value of the stock declined, is now much below its intrinsic value, and such activities have greatly damaged the corporation, and, if plaintiffs are allowed to continue this suit, it will further affect injuriously the pecuniary credit of the corporation and damage the stockholders thereof.

That, while plaintiffs' demand as alleged purports to seek an examination of the fiscal records of the defendant corporation, they do not desire impartial information and are not acting in good faith, but are prompted by ulterior motives as herein alleged.

Defendants alleged in the alternative that, at the time the demand of plaintiffs was received, defendants were certain that plaintiffs were actuated by ulterior motives, but, not wishing to prejudge the matter, the defendants, for the best interest of all concerned, notified the plaintiffs that an examination and audit of the records of the corporation might be made upon certain reasonable conditions designed to protect the corporation, with which conditions plaintiffs refused to comply.

In a supplemental petition in reply to defendants' answer, the plaintiffs demurred generally and excepted to the allegations in paragraph 3 relative to the activities of M. E. Bates and E. K. Whitehead concerning the election of directors at the stockholders' meeting in April, 1929, and to the allegations relative to the annual audits made by the corporation and to the allegations to the effect that plaintiffs in their demand are prompted by ulterior motives and acting in concert with Bates and Whitehead for the purpose of injuring and damaging the defendant corporation and to the allegations relative to the reasonableness of the conditions imposed by the defendants upon the plaintiffs prior to the examination and auditing of the books; because such allegations, taken separately or together, are insufficient to constitute any defense to plaintiffs' demand to be allowed to examine and audit the books of the defendant corporation.

These demurrers and exceptions were sustained by the court, the defendants declined to amend, the case was heard, and judgment entered to the effect that the defendant corporation should not be put to any expense or unnecessary interference with the conduct of its business; that no valuable papers should be removed; that a bond in the sum of $10,000, to be approved by the court, should be executed payable to the corporation, conditioned for the redelivery of all papers, documents, or property of every kind in the hands of plaintiffs; that the accountant selected should be a certified public accountant in the state of his residence, and the examination and auditing, when commenced, should continue and be conducted diligently until completed; and that a writ of mandamus issue directing the defendants to give the plaintiffs immediate access to the records, books, etc.

The defendants reserved their exception to the action of the court in sustaining the demurrers and exceptions to their answer, excepted to the judgment of the court, and prosecute an appeal from said judgments to this court.

The appellants present as error the action of the court in sustaining the demurrers and exceptions urged by appellees to the sufficiency of the allegations in the answer of appellants to defeat appellees' right to examine and audit or have audited the books, etc., of the corporation.

■ The appellees' contention in reply to appellants' assignment is that, inasmuch as they are stockholders of the defendant corporation, their right to examine the books and records and have an audit thereof made is statutory, and none of the conditions imposed by appellants and none of the defenses alleged by them are sufficient to defeat their statutory right.

"Mandamus is not a writ of right. It issues to remedy a wrong, not to promote one, and will not be granted in aid of those who do not come into court with clean hands." U. S. ex rel. Turner v. Fisher, 222 U. S. 204, 32 S. Ct. 37, 56 L. Ed. 165.

Article 1328, R. C. S., provides that: "They [the directors of a corporation] shall cause a record to be kept of all stock subscribed and transferred, and of all business transactions. Their books and records shall at all reasonable times be open to the inspection of any stockholder."

The courts are not in entire harmony relative to the nature of the right of a stockholder to inspect the books of a corporation when the right is conferred by statute. The Texas courts have apparently adopted the view that: "The statute is construed to be for the benefit of the corporation and the stockholder, to be exercised by the stockholder as such; and where the purpose is injurious to the corporation or to stockholders generally, or where petitioner's interest is not germane to his relation as stockholder, the right will be

denied." Ferris on Extraordinary Legal Remedies, page 339.

In Roberts et al. v. Munroe (Tex. Civ. App.) 193 S. W. 734, 736, Eli W. Gaffney, a stockholder, sought a writ of mandamus to compel the Amicable Life Insurance Company and its officers to permit him to inspect the books and records of such life insurance company. The life insurance company refused and defended on the allegations that Gaffney was not a stockholder, that he and those acting with him had entered into a conspiracy for the purpose of destroying and wrecking the business of the corporation, and, in order to accomplish that result, Gaffney desired to inspect the corporation's books and records to obtain a list of stockholders for the purpose of communicating with such stockholders and making false and untrue charges against the corporation and its officers in the management of the business. The court, in passing upon the statutory right of Gaffney to inspect the books, holds that the life insurance company "had filed an answer, alleging facts which, if true, should have defeated Mr. Gaffney's right to examine the books of the corporation. In other words, we hold that if Mr. Gaffney was not a stockholder, or if he sought to examine the books of the corporation, not for the purpose of protecting his own rights as a stockholder, but for the purpose of obtaining information to be used by him in furtherance of a scheme to defraud stockholders and wreck the corporation, then and in that event he was not entitled to the aid of a court of equity to enable him to accomplish that result, although it is provided by statute that a stockholder shall ·have the right to examine the books of the corporation."

In Dreyfuss & Son v. Benson (Tex. Civ. App.) 239 ·S. W. 347, 349, 350, writ refused, the court says: "However, we do not hold that appellee's counter contention is correct to the extent that it declares article 1160 [now 1328] of the Revised Civil Statutes gives appellee, by virtue of his being a stockholder, the absolute right to inspect the books and records at reasonable hours regardless of his motives. To hold this would mean that a court should compel a corporation under this law to open its books and records to a stockholder regardless of whether he is prompted by motives wholly evil and corrupt to seek the information they might reveal. Following a decision which seems to have soundly construed this statute brings us into conflict with appellee's sweeping declaration of its force. Roberts v. Munroe (Tex. Civ. App.) 193 S. W. 734. On the other hand, we do not think that the common-law rule requiring a stockholder of a corporation who seeks access to its records to prove good faith prevails against the provisions of this statute. The effect of the statute, at least, is to put upon a corporation, when it resists such right of inspection by a stockholder, the requirement to plead and prove corrupt motives actuating the stockholder. This is the greatest extent of laxity in this respect whch, in our opinion, should be indulged in construing this statute, the terms of which strongly indicate that it was intended altogether to remove the common-law rule that an examination can be compelled only where the stockholder asks for it in good faith and for reasons connected with his rights as a stockholder."

■■ The general and so-called special exceptions sustained by the court were, in effect, but general demurrers, Lee v. First National Bank (Tex. Civ. App.) 254 S. W. 394; P. & S. F. Ry. Co. v. Shell et al. (Tex. Civ. App.) 265 S. W. 758; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873; and all reasonable intendments will be indulged in favor of the pleading, Stone et al. v. Day, 69 Tex. 13, 5 S. W. 642, 5 Am. St. Rep. 17; Cochran et al. v. People's National Bank (Tex. Civ. App.) 271 S. W. 433.

■ The appellants, in their pleading, did not use the terms "fraud" or "conspiracy," but did allege sufficient facts, in our opinion, to raise such issues. Hickernell et al. v. Gregory et ux. (Tex. Civ. App.) 224 S. W. 691; McKay et al. v. Matthews et al. (Tex. Civ. App.) 285 S. W. 335.

The appellants alleged that the plaintiffs were acting in concert with M. E. Bates and with a common purpose, actuated by ulterior motives, and concerted action is: "Action that has been planned, arranged, adjusted, agreed upon and settled between parties acting together in pursuance of some design or in accordance with some scheme." 12 C. J. 385.

The appellants set out in sufficient detail alleged facts which would authorize the admission of testimony to show that plaintiffs were not acting in good faith, seeking impartial information as to the financial condition of the corporation, but were acting in concert with M. E. Bates, who instigated their demand to be permitted to examine and audit the books and their institution of this mandamus proceeding, whose purpose was to obtain a so-called audit with which she expected to create agitation, demoralization, and dissatisfaction among the stockholders, and depress the market value of the stock so that she, by continuing to deal therein, would profit by exploiting the other stockholders.

The ·other assignments urged by appellants are settled against them in Johnson Ranch Royalty Co. v. Hickey et al. supra.

The judgment is reversed, and the cause remanded.