

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 16, 1975

The Honorable William T. "Bill" Moore        Opinion No. H- 583
Chairman, State Affairs Committee
The Senate of the State of Texas              Re: Interpretation of the
Austin, Texas 78711                               Lobby Control Act

Dear Senator Moore:

You have asked our opinion on 45 questions involving the Lobby Control
Act, article 6252-9c. Your questions are too numerous to list separately,
but many of them are arranged in groups dealing with single subjects. In
the interest of brevity, we have consolidated and summarized your questions
wherever possible.

Your first group of questions involves the circumstances under which
an individual who is employed by another and who communicates with a
public official to influence legislation is required to register under section 3
of the Act. Section 3 provides:

> (a) The following persons must register with the
> secretary as provided in Section 5 of this Act:
>
> (1) a person who makes a total expenditure in
> excess of $200 in a calendar quarter, not including
> his own travel, food, or lodging expenses, or his
> own membership dues, for communicating directly
> with one or more members of the legislative or execu-
> tive branch to influence legislation; and
>
> (2) a person who receives compensation or reim-
> bursement from another to communicate directly with
> a member of the legislative or executive branch to
> influence legislation.

p. 2595

(b) A person, other than a member of the judicial, legislative, or executive branch, who, as part of his regular employment, communicates directly with a member of the legislative or executive branch to influence legislation, whether or not any compensation in addition to the salary for that regular employment is received for the communication, must register under Subsection (a), Paragraph (2), of this section.

There are five questions in your first group but they are effectively summarized by your question 1(e) which is:

What is the test for determining whether a salaried individual communicates directly with a member of the legislative or executive branch to influence legislation "as a part of his regular employment," as the quoted phrase is used in Section 3(b)?

It is our view that a person communicates with a public official or candidate within the scope of his regular employment when the communication is on behalf of and at the express or implied direction of his employer or is ratified by his employer. We do not believe that it is necessary that a specific portion of his salary be allocable to his role of communicating with members of the legislative and executive branches. It is sufficient that he be employed and that he communicate with public officials or candidates to influence legislation as an incident of his employment. Furthermore, an individual who receives compensation or reimbursement from another person to communicate directly with a member of the legislative or executive branch to influence legislation must register pursuant to section 3(a)(2). Whether he receives a salary is not determinative.

Your second series of questions concerns registration by "a group of persons who are voluntarily acting in concert." Such groups are "persons" required to register under section 3. See section 2(1). We believe that the test for whether a group is within this definition is that contained in Rock Creek Oil v. Moore, 41 S.W.2d 501 (Tex. Civ. App. --Amarillo 1931); rev'd. on other grounds, 59 S.W.2d 815 (Tex. Comm. 1933).

> [Concerted action is:  'Action that has been planned,
> arranged, adjusted, agreed upon and settled between
> parties acting together in pursuance of some design
> or in accordance with some scheme.'  41 S.W.2d at 504.

Thus, when persons are acting pursuant to agreement and in pursuit of some common goal they would constitute "a group of persons who are voluntarily acting in concert."  A group may designate any member or employee to actually prepare, sign and file the report.  Attorney General Opinion H-311 (1974).

Your third series of questions involves communications between an individual and a public official when the communication is initiated by the public official.  You offer examples of a legislator placing a telephone call to a citizen or sending the citizen a questionnaire to ascertain his position on proposed legislation.  You ask if this type contact constitutes a direct communication to influence legislation for purposes of registration under the Act.  As a practical matter, the only instance in which a question might arise is when the citizen is contacted in the course of his employment.  You also ask whether registration is required of an individual who is requested to appear before a legislative committee and receives reimbursement from the State for his expenses while at the same time being compensated by his employer.

We do not believe that the Lobby Control Act was intended to require registration by a person merely because in the course of his employment, he responded to a legislator's telephone call or letter or appeared before a committee at the committee's specific request.  However, neither do we believe that the Act can be construed to permit a subterfuge by which persons can avoid registration by making certain that the communication was initiated by the public official.  Persons are required to register under the Act when they communicate directly with a member of the legislative or executive branch for the purpose of influencing legislation and (1) spend more than $200 in a calendar quarter for that purpose, (2) receive compensation or reimbursement from another for those activities, or (3) do so as part of their regular employment.  The Act is designed to require registration by those persons who spend substantial sums of money for lobbying activities and those who are paid by other persons to represent their interests before the legislative or executive branch of the government.  Persons who lobby on behalf of

their employer in the course of their regular employment fall into this latter group; however, we do not believe that persons who merely respond to a legislator's inquiry necessarily do so as part of their regular employment. In most cases responding to the inquiry by the public official will not be part of the person's regular employment. On the contrary, it will be an unusual and unanticipated duty. Some persons, however, may be expressly or impliedly designated by their employer to handle communications with public officials and such duties will be a usual part of their employment. These persons normally would be within the ambit of the registration provisions of the Act.

You also ask whether a person who communicates with a public official for the purpose of providing factual information which may have an effect on legislation or for the purpose of delivering a campaign contribution to the official would be required to register under the Act. The necessity to register would depend on the occurrence of a direct communication with the public official to influence legislation. In the cases you cite the answer generally would depend on a factual determination in the particular instance of whether the communication was made to influence legislation.

You next ask if section 3(a)(2) requires registration of a person who receives reimbursement from another to communicate directly with a public official to influence legislation if the individual does not make a total expenditure in excess of $200 in a calendar quarter. An individual who is compensated or reimbursed by another person to communicate with members of the legislative or executive branch to influence legislation is required to register under section 3(a)(2). Unlike section 3(a)(1) this provision includes no minimum expenditure which triggers the registration requirement.

You also ask what expenditures are to be included under section 3(a)(1) in determining whether a person has spent in excess of $200 in a calendar quarter. That section refers to "a total expenditure in excess of $200 in a calendar quarter, not including his own travel, food, or lodging expenses, or his own membership dues, for communicating directly with one or more members of the legislative or executive branch to influence legislation." We believe this would include any expenditure, other than those specifically excepted, which are reasonably related to communication to influence legislation. Whether a specific expenditure is made for that purpose depends on the facts of the individual case, but for an example of some of the types of expenses which might qualify see section 6(b)(1).

You next ask if section 3(b) exempts a member of the judicial, legislative or executive branch from the operation of section 3(a)(1) as well as from the operation of section 3(a)(2). Section 3(b)(1) requires registration of persons spending a certain amount of money to influence legislation. Section 3(a)(2) requires registration of persons who lobby on behalf of another for compensation or reimbursement. Section 3(b) provides that a person other than a member of the legislative, executive, or judicial branch who, as a part of his regular employment, directly communicates with a public official to influence legislation is required to register under section 3(a)(2). Due to its specific reference to section 3(a)(2) and the explanatory nature of its contents, in our opinion section 3(b) was intended to modify only section 3(a)(2) and does not apply to section 3(a)(1). However, the responsibilities of members of the legislative and executive departments may necessarily entail the expenditure of money to communicate with other members of these departments. This is particularly true in regard to members of the Legislature. In addition, the policy expressed in section 1 concerns communications by non-members with members of the executive and legislative departments. Consequently, we feel that members of the legislative and executive departments acting in the course of their official duties are impliedly exempted from the requirements of section 3(a)(1), just as they are expressly exempted from 3(a)(2). And see Attorney General Opinion H-297 (1974).

You next ask if an individual who has registered because of his attempt to influence legislation is required to register again when he communicates with a public official in an attempt to influence legislation on behalf of another person. You indicate that you are specifically concerned with the situation in which registration is clearly required for the first contact but where the second contact standing alone would not have required registration.

It should be noted that this particular situation will rarely, if ever, occur. If a person is lobbying on behalf of another and is reimbursed for that service, he is required to register regardless of the amount of reimbursement or compensation he receives unless he falls in the very narrow exception of section 3(b). Nonetheless, the registration requirement is a personal one. Once a person is required to register he must furnish certain data outlined in section 5 indicating, inter alia, the name and address of each person by whom he is reimbursed, retained or employed to communicate directly with public officials to influence legislation. He also is required to update the information periodically.

You next call our attention to section 5 of the Act which requires that a person register within five days after the first undertaking requiring registration. You ask when the first undertaking requiring registration occurs. It is our view that a person is not required to register until he satisfies each element requiring him to register under any particular subsection. For purposes of section 3(a)(1) he would be required to register within five days after he had directly communicated with a public official and had spent in excess of $200 for that purpose. For purposes of section 3(a)(2) and 3(b) he would be required to register as soon as he had directly communicated with a public official either on behalf of another who is reimbursing or compensating him or as a part of his regular employment.

Section 5(b)(3) requires the filing of the "name and address of each person who made a contribution or paid a membership fee in excess of $500 during the preceding 12 month period to the registrant or to the person by whom the registrant is reimbursed, retained, or employed. . . . " Section 5(d) requires that a supplemental registration be filed indicating any change in the registration within ten days after the date of the change. You ask if, after an initial registration, any contributions or membership fee in excess of $500 must be reported within ten days of receipt. It is our opinion that the statute clearly requires an affirmative answer.

Section 5(b)(4)(A) requires that a registrant list the name of the person who has retained or employed him. You ask whom a salaried associate in a law firm should list as the person who retains or employs him.

An associate generally is employed by the firm, and the client's contract for services to be rendered is with the firm rather than the associate. Nevertheless, we think the Act contemplates that individuals required to register list the persons whom they are representing. Thus, the associate in a law firm, as well as its partners, should list the firm's client as the person who is employing, reimbursing or retaining him. Additionally, the attorney who is acting on behalf of his law firm may need to list the name of the firm as well. Of course, compliance will be assured when the names of both the firm and the client are listed.

Section 5(c) requires that the information filed by a registrant who performs his activities on behalf of a group other than a corporation include a description of the methods by which the "registrant" develops and makes decisions on policy. The actual registrant is the lobbyist and not necessarily the client who

employs him.  Attorney General Opinion H-191 (1973).  You suggest that perhaps only the fact that the lobbyist - registrant follows the policy set by his client is all that need be reported.  We believe the Legislature intended that the decision-making practices of the employer be described for otherwise there would be no full description of the method by which policy decisions are made.

You finally ask several questions about section 6 which provides:

Sec. 6.  (a)  Every person registered under Section 5 of this Act shall file with the secretary a report concerning the activities set out in Subsection (b) of this section.  The report must be filed:

(1)  between the 1st and 10th day of each month subsequent to a month in which the legislature is in session covering the activities during the previous month; and

(2)  between the 1st and 10th day of each month immediately subsequent to the last month in a calendar quarter covering the activities during the previous quarter.

(b)  The report shall be written, verified, and contain the following information:

(1)  the total expenditures made by the registrant for directly communicating with a member of the legislative or executive branch to influence legislation, including expenditures made by others on behalf of the registrant for those direct communications if the expenditures were made with his express or implied consent or were ratified by him. Such report shall include a breakdown of expenditures into the following categories:

(A)  postage and telegraph;
(B)  publication and advertising;
(C)  travel and fees;
(D)  entertainment;
(E)  gifts, loans, and political contributions; and
(F)  other expenditures;

      (2) a list of legislation supported or opposed by the
registrant, by any person retained or employed by the
registrant to appear on his behalf, or by any other
person appearing on his behalf, together with a statement
of the registrant's position for or against such legislation.

      (c) Each person who made expenditures on behalf of
a registrant that are required to be reported by Subsection
(b) of this section or who has other information required to
be reported by the registrant under this section or Section 5
shall provide a full, verified account of his expenditures to
the registrant at least seven days before the registrant's
report is due to be filed.

Your first question in this series asks if a registrant is required to make both quarterly and monthly reports during a legislative session. Section 6(a)(2) requires that a registrant make reports each quarter and section 6(a)(1) requires monthly reports during a legislative session. There is nothing in the Act to suggest that the filing of monthly reports obviates the necessity of filing the quarterly reports which cover the same period. Indeed the language of the statute indicates that the reports are to be filed monthly during the legislative session and to be filed each quarter.

Your next question asks if an expenditure made for directly communicating with a member of the Legislature must be reported even though no legislation is mentioned or discussed. The statutory test as to whether an expenditure must be reported is whether it was made for direct communication to influence legislation. Although most communications which are designed to influence legislation will include discussion of a particular bill, it is conceivable that some communications which are designed to influence legislation will not directly involve a particular bill. In any event, if the communication is for that purpose it meets the statutory test and should be reported.

You ask several questions concerning how and whether a publication expense is required to be reported. You pose different situations in which a publication is distributed to public officials as well as to private citizens. As in the case of all expenditures, costs of publication and advertising must be reported if they are for directly communicating with a public official for the purpose of influencing legislation. Direct communication is defined in section 2(5) as

"contact in person or by telephone, telegraph, or letter." Thus, it is probable that an advertisement placed in a newspaper of general circulation would not constitute an expenditure for directly communicating with an official so long as no special action was taken to call the advertisement to the official's attention. Whether a registrant should report the full or only a pro rata cost of advertisements or publications directed toward both private citizens and public officals depends on the facts of each case. Of course, report of the full cost would always be in compliance with the statute. An advertising campaign designed solely to encourage private citizens to contact legislators is not required to be reported. Attorney General Opinion H-18(1973).

You next ask several questions concerning the reporting of entertainment, travel, fees, gifts, loans, political contributions and other expenditures. You present several specific examples and ask if reporting is required in each instance. As indicated above, whether any particular expenditure is required to be reported depends on the facts surrounding that expenditure. If it is made for direct communication with a member of the legislative or executive branch for the purpose of influencing legislation then it must be reported. If, as a factual matter, the expenditure is not made for that purpose, then it need not be reported.

You finally ask if the requirement that "other expenditures" be reported is so vague as to cause the act to be unconstitutional. As we have indicated, the expenditures which must be reported are those incurred when a registrant directly communicates with members of the legislative or executive departments for the purpose of influencing legislation. This standard is virtually identical to the one upheld against a similar contention in United States v. Harriss, 347 U.S. 612 (1953), and given the holding of that case we believe there is no constitutional problem. See also Attorney General Opinion H-18 (1973).

### S U M M A R Y

Expenditures required to be reported under
article 6252-9c, V. T. C. S., are those which are
made for directly communicating with a member
of the legislative or executive branch for the purpose
of influencing legislation.

Persons who merely respond to a legislator's inquiries are not required to register unless they do so as part of their usual course of employment. Members of the legislative, executive and judicial branches who contact legislators as part of their governmental duties are not required to register.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee