# UNITED STATES OF AMERICA, EX REL. TURNER *v.* FISHER, SECRETARY OF THE INTERIOR.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 60.   Argued November 14, 1911.—Decided December 4, 1911.

Where, under the provisions of acts of Congress, and after a hearing, the names of relators were duly entered as Creek Freedmen by blood on the rolls made and approved by the Secretary of the Interior, rights were acquired of which the freedmen could not be deprived without that character of notice and opportunity to be heard essential to due process of law. *Garfield* v. *Goldsby,* 211 U. S. 249.

Notice to the attorney of such freedmen, given a few hours before the hearing of a motion to strike their names, on the ground that their enrollment had been secured by perjury, was not such notice as afforded due process. *Roller* v. *Holly,* 176 U. S. 399, 409; *Hagar* v. *Reclamation Dist.,* 111 U. S. 708; *Iowa Central* v. *Iowa,* 160 U. S. 393; *Hovey* v. *Elliott,* 167 U. S. 414.

In the absence of other controlling facts, the Secretary of the Interior could have been required by mandamus to restore the names of those thus arbitrarily stricken off without notice. *Garfield* v. *Goldbsy,* 211 U. S. 249.

But mandamus is not a writ of right. It issues to remedy a wrong, not to promote one, and will not be granted in aid of those who do not come into court with clean hands.

Although the petition for the writ alleged that relators were freedmen duly enrolled and denied the truth of the testimony on which their names were stricken off, yet where the answer of the Secretary referred to that testimony and alleged, "on information and belief, that the relators were not freedmen members or members by blood

or marriage of the Creek Nation, and that their enrollment had been procured by fraud," a defense was stated, proof of which would have defeated the right to a restoration of relators' names, even though they had been improperly stricken from the rolls without due process. *Redfield* v. *Windom*, 137 U. S. 636, 646; *In re Sanford Co.*, 160 U. S. 257.

Where a general demurrer to an answer containing such defense was overruled, and the relators, instead of replying, elected to stand on their demurrer, the writ of mandamus was properly refused. *In re Sanford Co.*, 160 U. S. 257.

To have issued the writ would have involved the useless thing of requiring relators' names to be reëntered, and in other proceedings having their names stricken because the original enrollment had been procured by fraud, thus admitted by the demurrer.

31 App. D. C. 332: 33 App. D. C. 195, affirmed.

In error from a judgment of the Court of Appeals of the District of Columbia affirming an order of the lower court refusing to issue a writ of mandamus requiring the Secretary of the Interior to restore the names of relators to the Freedmen Rolls of the Creek Nation, from which they had been stricken. 31 App. D. C. 332, 33 Id. 195.

*Mr. Chas. H. Merillat*, with whom *Mr. Chas. J. Kappler*, *Mr. James K. Jones* and *Mr. W. D. Halfhill* were on the brief, for plaintiffs in error:

The case is controlled by *Garfield* v. *Goldsby*, 211 U. S. 255.

By approval of the rolls containing their names plaintiffs in error under the statute became entitled immediately to select one hundred and sixty acres of land and to share in the tribal funds. The lands selected, plaintiffs in error being unrestricted citizens, became immediately transferable, divisible and descendible; a vested property interest. The statute makes the rolls when approved by the Secretary final rolls. It confers nowhere powers of cancellation, statutory executive discretion having been exhausted with enrollment. All subsequent executive acts looking to cancellation were unlawful. *Atlantic Del. Co.* v.

*James,* 94 U. S. 207; *Connor* v. *Groh,* 90 Maryland, 686; *McWilliams Inv. Co.* v. *Livingston,* 98 Pac. Rep. 914; *Cornelius* v. *Kessel,* 128 U. S. 456; Creek Agreement, § 28.

The statute declared the rolls approved to be final rolls. See *Johnson* v. *Towsley,* 13 Wall. 83.

It is *stare decisis* in this court that enrollment confers a right—a property right or privilege: also that property cannot be destroyed without notice and a hearing.

The notice given and proceedings taken by the Secretary in this case do not constitute due process of law and do not constitute notice and hearing. Due process of law in addition to notice and hearing also means a hearing before a tribunal authorized by law to conduct the proceedings it undertakes; arbitrary assumption of a power by a tribunal and proceedings by it without jurisdiction are not due process of law, and where the tribunal has jurisdiction its action is not due process of law if it refuses the accused a right to put in his defense. *Hovey* v. *Elliott,* 167 U. S. 414; *McVeigh* v. *United States,* 11 Wall. 259; *Windsor* v. *McVeigh,* 93 U. S. 277; *Dent* v. *West Virginia,* 129 U. S. 124.

By their demurrer plaintiffs in error did not admit fraud. They admitted merely illegal and unconstitutional *ex parte* proceedings by Federal officials acting outside their authority. They had sworn positively there was no fraud. Their case differs from those mandamus authorities where the plaintiff's own petition and statement admitted fraud or the equivalent showed there was no legal right, and hence, a discretion in the trial court.

Plaintiffs in error having been given vested rights by regular proceedings, must be made defendants before those rights can be forfeited. *Lalone* v. *United States,* 164 U. S. 255.

By their demurrer they admitted that Secretary Garfield believed they were fraudulently enrolled. They admit he was informed that they were fraudulently enrolled.

They did not admit that his belief was correct nor that his information was accurate. They, in their petition, specifically denied the same. Secretary Garfield averred no personal information on the subject. All that he stated was but hearsay or opinion. And it was hearsay or opinion after the fact, the event, as he admits by not denying the averments of the petition, and as the court knows judicially, he was not Secretary of the Interior or connected with that department of the Government when the names of plaintiffs were stricken from the rolls. 13 Ency. Pl. & Prac., p. 723; *Harwood* v. *Marshall*, 10 Maryland, 464; Moses on Mandamus, p. 210.

Argumentative inferences in a return, or sworn allegations which are merely constructive deductions, cannot be treated as presenting distinct issues of fact. *People* v. *Kilduff*, 15 Illinois, 502.

The authorities cited by the court below and relied upon by defendant in error are all cases where fraud was admitted or made out by petitioners' own pleadings or the admitted facts, or where parties were standing on a small legal technicality opposed to manifest intent or justice and, as a rule, where mandamus was granted, a public wrong would have been occasioned without possibility or practicability of redress. They therefore are not applicable.

*Mr. Assistant Attorney General Harr* for defendant in error:

Relators are not entitled to the aid of the extraordinary writ of mandamus because their enrollment was procured by fraud. This element of fraud distinguishes this case from *Garfield* v. *Goldsby*, 211 U. S. 249–264.

By their demurrer, upon which they have elected finally to stand, relators admit the allegation of fraud, as well as that they are not members of the Cherokee Nation. *In re Sanford Fork & Tool Co.*, 160 U. S. 247, 257.

A court of law, following the rule in equity, will not lend its aid by the extraordinary writ of mandamus to enforce rights fraudulently acquired. High's Ex. Remedies, § 26; Merrill on Mandamus, §§ 68–72; 2 Spelling on Injunction, §§ 1371, 1380; *People* v. *Assessors*, 137 N. Y. 201; *People* v. *Jeroloman*, 139 N. Y. 14. See also to the same effect: *Commonwealth* v. *Henry*, 49 Pa. St. 530, 538; *State* v. *Commissioners of Phillips Co.*, 26 Kansas, 419; *State* v. *Graves*, 19 Maryland, 351; *Macoupin County* v. *The People*, 58 Illinois, 191; *People* v. *Ketcham*, 72 Illinois, 212; *Borough of Ansonia* v. *Studley*, 67 Connecticut, 170; *People* v. *Judge of Superior Court*, 41 Michigan, 31; *State* v. *Jersey City*, 42 N. J. Law, 94; *State* v. *Home Street Ry. Co.*, 43 Nebraska, 830.

It is unnecessary to consider whether relators had sufficient opportunity to be heard in the cancellation proceedings. Having, by their demurrer, admitted that their enrollment was procured by fraud, and having elected to stand thereon, they are not entitled to the extraordinary writ of mandamus in enforcing any rights so secured, to the injury of the Cherokee Nation.

Memorandum opinion by direction of the court. By MR. JUSTICE LAMAR.

1. Where, under the provisions of acts of Congress, and after a hearing, the names of relators were duly entered as Creek Freedmen by blood on the rolls made and approved by the Secretary of the Interior, rights were acquired of which the freedmen could not be deprived without that character of notice and opportunity to be heard essential to due process of law. *Garfield* v. *Goldsby*, 211 U. S. 249.

2. Notice to the attorney of such freedmen, given a few hours before the hearing of a motion to strike their names, on the ground that their enrollment had been secured by perjury, was not such notice as afforded due process.

*Roller* v. *Holly*, 176 U. S. 399, 409; *Hagar* v. *Reclamation Dist.*, 111 U. S. 701, 708; *Iowa Central Railway Co.* v. *Iowa*, 160 U. S. 389, 393; *Hovey* v. *Elliott*, 167 U. S. 409, 414.

3. In the absence of other controlling facts, the Secretary of the Interior could have been required by mandamus to restore the names of those thus arbitrarily stricken off without notice. *Garfield* v. *Goldsby*, 211 U. S. 249.

4. But mandamus is not a writ of right. It issues to remedy a wrong, not to promote one, and will not be granted in aid of those who do not come into court with clean hands.

5. Although the petition for the writ alleged that relators were freedmen duly enrolled and denied the truth of the testimony on which their names were stricken off, yet where the answer of the Secretary referred to that testimony and alleged, "on information and belief, that the relators were not freedmen members or members by blood or marriage of the Creek Nation, and that their enrollment had been procured by fraud," a defense was stated, proof of which would have defeated the right to a restoration of relators' names, even though they had been improperly stricken from the rolls without due process. *United States ex rel. Redfield* v. *Windom*, 137 U. S. 636, 646; *In re Sanford Fork & Tool Co.*, 160 U. S. 247, 257.

6. Where a general demurrer to an answer containing such defense was overruled, and the relators, instead of replying, elected to stand on their demurrer, the writ of mandamus was properly refused. *In re Sanford Fork & Tool Co.*, 160 U. S. 247, 257.

7. To have issued the writ would have involved the useless thing of requiring relators' names to be reëntered, and in other proceedings having their names stricken because the original enrollment had been procured by fraud, thus admitted by the demurrer.

*Affirmed*