# LANE *v.* DUNCAN TOWNSITE COMPANY.

INDIANS; MANDAMUS.

1. Where through error the name of a decedent who died prior to September 25, 1902, was placed by the United States Commission to the Five Civilized Tribes on a partial list of members of the Chickasaw Nation of Indians, which list was approved by the Secretary of the Interior, although only persons living on that date were entitled to have their names entered on the approved rolls, and afterwards the Commission found that a certificate of allotment had been wrongfully issued to the administrator of the decedent, on the ground that his appointment had been procured by fraud and perjury, whereupon the Secretary caused an entry to be made upon the approved rolls opposite the name of the decedent, "Died prior to September 25, 1902. Not entitled to land or money," and held the certificate of allotment for cancelation, and allotted the land to other parties,—it was *held* that mandamus at the instance of the holder of the allotment certificate issued to the administrator would not lie against the Secretary of the Interior to compel him to issue a patent thereon, although the administrator had no knowledge of the fraud or irregularity in the enrolment and issuance of the certificate.

2. The writ of mandamus is not a writ of right, and can only be invoked when the relief sought possesses sufficient merit to appeal to the sound discretion of the court. The party seeking its relief must come into court with clean hands, and with a clear legal right, for which the law affords no adequate remedy. The writ will not issue to compel the performance of a wrong or to confirm or perpetuate a fraud. (Following *United States ex rel. Turner* v. *Garfield*, 33 App. D. C. 195, affirmed in 222 U. S. 204.)

No. 2822.   Submitted October 4, 1915.   Decided November 1, 1915.

HEARING on an appeal by the respondent, the Secretary of the Interior, from a judgment of the Supreme Court of the District of Columbia, granting a peremptory writ of mandamus to compel him to issue a patent for land to a deceased Indian.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This cause is here on appeal from a judgment of the supreme court of the District of Columbia granting appellee The Duncan Townsite Company, a Corporation, relator, a writ of mandamus to compel appellant Franklin K. Lane, as Secretary of the Interior of the United States, to issue a patent for certain lands in the state of Oklahoma to one Nicholas Alberson, a deceased Chickasaw Indian.

From an agreed statement of facts upon which the case is submitted, it appears that the United States Commission to the Five Civilized Tribes, known as the Dawes Commission, acting under authority of Congress, without formal hearing placed on a partial list of members by blood of the Chickasaw Nation the name of Nicholas Alberson. This list was approved by the Secretary of the Interior December 12, 1902. Under the agreement between the United States and the Choctaw and Chickasaw Nations (32 Stat. at L. 641, chap. 1362) only persons living on September 25, 1902, were entitled to have their names entered on the approved rolls. It is stipulated that Alberson died prior to that date, and that no legal authority existed for placing his name upon the rolls.

Under proceedings instituted in Oklahoma, one Hudson was appointed administrator of the estate of Alberson. As administrator, he selected the lands in controversy as part of the allotment to which Alberson would have been entitled had he been alive on September 25, 1902. It is through muniments of title procured from the heirs of Alberson that relator is here asserting its rights as an innocent purchaser.

In 1907, the Dawes Commission, after investigation, ascertained that Alberson had died prior to September 25, 1902, and that the certificate of allotment had been wrongfully issued to the administrator, whose appointment had been procured by the fraud and perjury of a brother of Alberson. The finding of the Commission being brought to the attention of the Secretary of the Interior, he caused to be placed on the approved rolls, January 11, 1908, opposite the name of Nicholas Alber-

son the following notation: "Died prior to September 25, 1902. Not entitled to land or money." He held the certificate of allotment for cancelation, and has since allotted the lands to other parties. It is conceded that relator had no notice of these proceedings.

Notwithstanding the concession that Alberson was illegally enrolled and that the certificate of allotment was fraudulently procured, relator insists that, because of the further concession that it was without knowledge of the fraud or of any irregularity in the enrolment and issuance of the allotment certificate, it is entitled to the relief here sought. Certain provisions of law are cited and relied upon as upholding relator's contention. The supplemental Choctaw-Chickasaw agreement embodied in the act of Congress of July 1, 1902, ratified by the Indians September 25, 1902 (32 Stat. at L. 641, chap. 1362), provided in section 23 that "allotment certificates issued by the Commission to the Five Civilized Tribes shall be conclusive evidence of the right of any allottee to the tract of land described therein; and the United States Indian agent at the Union Agency shall, upon the application of the allottee, place him in possession of his allotment, and shall remove therefrom all persons objectionable to such allottee and the acts of the Indian agent hereunder shall not be controlled by the writ or process of any court."

Mr. *Preston C. West,* Solicitor for the Department of the Interior, and *Mr. C. Edward Wright,* Assistant Attorney, for the appellant.

Mr. *Charles H. Merillat* and *Mr. Charles J. Kappler* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Undoubtedly, an allotment certificate under the above provision of statute gave to an allottee such an equitable possessory title to the property allotted as to forbid collateral attack, but

that legal title can only pass to an allottee by patent seems settled by the act of Congress of April 26, 1906 (34 Stat. at L. 137, chap. 1875, Comp. Stat. 1913, sec. 8288), which provides in section 5 thereof that "all patents or deeds to allottees and other conveyances affecting lands of any of said tribes shall be recorded in the office of the Commissioner to the Five Civilized Tribes, and when so recorded shall convey legal title, and shall be delivered under the direction of the Secretary of the Interior to the party entitled to receive the same."

It may well be that only the ministerial duty remains to the Secretary of the Interior of issuing a patent where the allotment certificate has been lawfully procured and no question of fraud is involved. *Ballinger* v. *United States,* 216 U. S. 240, 54 L. ed. 464, 30 Sup. Ct. Rep. 338. But a different situation is presented where, as in the present case, Alberson, the allottee, was not in existence on September 25, 1902, and was, therefore, not entitled to participate in the allotment of the tribal property. That it is within the supervisory power of the Secretary of the Interior to withhold the issuance of a patent for public lands when he is satisfied that the final certificate has been procured by fraud, is well settled. *Cornelius* v. *Kessel,* 128 U. S. 456, 32 L. ed. 482, 9 Sup. Ct. Rep. 122. The same rule has been applied to Indian allotments, 24 Land Dec. 264; *United States ex rel. Lowe* v. *Fisher,* 223 U. S. 95, 56 L. ed. 364, 32 Sup. Ct. Rep. 196; *Lynch* v. *Harris,* 33 Okla. 23, 124 Pac. 50; *Wallace* v. *Adams,* 74 C. C. A. 540, 143 Fed. 716.

But we are asked to compel the Secretary of the Interior to perpetuate a fraud,—to do an unlawful act,—to issue a patent to a person who, for the purposes of this case, never had any legal existence. Whatever standing relator might have in a proper action in a court of competent jurisdiction in Oklahoma to assert its claim of innocent purchaser, or to defend in an action by the government to cancel the certificate of allotment, it is clear that it is not entitled to the relief here sought. The rights of innocent purchasers cannot be adjudicated in this proceeding. The Secretary of the Interior is not required to look

beyond Alberson, and, unless clear legal title can be established in him as allottee, the writ must be denied. The writ of mandamus is not a writ of right, and the remedy can only be invoked when the relief sought possesses sufficient merit to appeal to the sound discretion of the court. The party seeking its relief must come into court with clean hands, and with a clear legal right for which the law affords no adequate remedy. The writ will not, therefore, issue to compel the performance of a wrong or to confirm or perpetuate a fraud. *United States ex rel. Turner* v. *Garfield,* 33 App. D. C. 195, affirmed in 222 U. S. 204, 56 L. ed. 165, 32 Sup. Ct. Rep. 37.

The judgment is reversed, with costs, and the cause is remanded for dismissal.                     *Reversed and remanded.*

An application for the allowance of a writ of error to remove the cause to the Supreme Court of the United States was granted and the writ issued November 3, 1915.