# UNITED STATES EX REL PRETTYBULL *v.* LANE.

MANDAMUS; INDIANS.

1. Before the remedy by mandamus may be invoked, it must be made to appear that there is a wrong to be righted, and where it appears that wrong and injustice will result from the issuance of the writ, it will not be granted. (Following *United States ex rel. Stevens* v. *Richards,* 33 App. D. C. 410; *United States ex rel. Laws* v. *Davenport,* 34 App. D. C. 502; *United States ex rel. McManus* v. *Fisher,* 39 App. D. C. 176; *Lane* v. *Duncan Townsite Co.* 44 App. D. C. 63; and *Richards* v. *Davison,* 45 App. D. C. 395.)

2. Irrespective of whether an allotment of Indian lands under the Act of Congress of May 8, 1906 (34 Stat. at L. 182, chap. 2348), and the recording of a patent in fee simple to the allottee, vests title in the latter to the allotted land, mandamus at the instance of the allottee against the Secretary of the Interior will not lie to compel the delivery of a patent to the allottee, where it appears that the allotment was procured by false and fraudulent representations as to the competency and qualifications of the relator.

No. 3106.    Submitted November 5, 1917.    Decided December 3, 1917.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia overruling a demurrer to an answer to a rule to show cause issued on petition for a writ of mandamus, and the relator electing not to further plead, discharging the rule and dismissing the petition.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment in the supreme court of the District dismissing appellant's bill for a writ of mandamus to compel the appellee, Franklin K. Lane, Secretary of the Interior, to deliver to appellant, Mabel Stricker Prettybull, a certain deed.

The averments of the bill, stated in narrative form, are substantially as follows:    Appellant is a member of the Yankton

Sioux Tribe of Indians, and resides on the Yankton Indian Reservation, South Dakota. The lands here involved were duly allotted to her in pursuance of the General Allotment Act of February 8, 1887 (24 Stat. at L. 388, chap. 119), and on the 28th day of April, 1916, the Secretary of the Interior, under authority of the Act of May 8, 1906 (34 Stat. at L. 182, chap. 2348), relating to the issuance of patents in fee simple to allotted Indian lands, made and filed in the United States General Land Office his order adjudicating appellant competent and capable of managing her own affairs, and directing the issuance to her of a patent in fee simple for said lands. This patent was duly signed by the President of the United States, and regularly countersigned by the recorder of the United States Land Office, and recorded by him in a book devoted to that purpose.

Shortly before the 13th day of May, 1916, appellant was notified by the Secretary of the Interior that he would be at a place named on that date, and would have with him for delivery appellant's patent in fee simple, together with a large number of similar patents. Appellant was present at the time and place named and ready to receive her patent, but the Secretary refused to deliver it to her, and has continued to withhold it from her.

To this bill the Secretary filed an answer in which he alleged that "by false and fraudulent representations" he was induced on said April 28, 1916, "to believe and understand that the relator was competent and qualified to manage her own property, and, to that end, to receive a patent in fee for the lands held in trust for her by the United States;" that he went to the place mentioned in the bill for the purpose of delivering the patent, "but that before the time set for the delivery, to wit, on May 12, 1916, respondent was informed that he had been grossly deceived and misled as to the competency of the relator and as to her qualifications, prior to the termination of the trust period, to receive a patent in fee and competently to manage or control her said property; that among other things, he was advised that the relator had already entered into an agreement with a designing white person engaged in trafficking in Indian lands to acquire title thereto at a purchase price far below the real value

of the land.  Whereupon, and moved by these considerations,
to wit, that she was in fact incompetent and that his adjudica-
tion of her competency had been induced by fraud and misrepre-
sentations, he reversed his judgment as to the relator's compe-
tency, and refused, and still refuses, to deliver said patent,
which by his order of May 22, 1916, was returned to the General
Land Office and marked 'Canceled.' "

The answer further sets forth that the land allotted to appel-
lant is worth from $4,800 to $6,000; that on May 12, 1916, the
attorney who signed her petition for mandamus paid her the
sum of $100 and induced her to sign a writing agreeing to con-
vey the land upon receipt of her patent to a third person for a
consideration of $2,500; that on June 1st, following, she ex-
ecuted such a deed to the person named, although she was not
aware that it was a deed; that she has no written undertaking,
mortgage, or security for the payment of the $2,500, even if
such price was adequate or reasonably commensurate with the
value of the land conveyed.

To this answer a general demurrer was filed, and the point
of law noted for argument was "that the respondent as Secre-
tary of the Interior has no discretion to refuse to deliver a land
patent after same has been signed, sealed, and recorded, but that
such delivery is a mere ministerial duty which he should be com-
pelled by mandamus to make."

*Mr. George M. Casler* and *Mr. Webster Ballinger* for the
appellant.

*Mr. Charles D. Mahaffie* and *Mr. C. Edward Wright,* for the
appellee, in their brief cited:

*Garfield* v. *United States,* 216 U. S. 240; *Garfield* v. *United
States,* 211 U. S. 249; *Lane* v. *Duncan Townsite Co.* 44 App.
D. C. 63; *La Roche* v. *United States,* 239 U. S. 62; *Lonebaugh*
v. *United States,* 179 Fed. 476; *Northern P. R. Co.* v. *United
States,* 227 U. S. 355; *People* v. *Assessors,* 137 N. Y. 201;
*People* v. *Jeroloman,* 139 N. Y. 14; *Richards* v. *Davidson.* 44
Wash. L. Rep. 731; *United States* v. *Debell,* 227 Fed. 760;

*United States* v. *Rickert,* 188 U. S. 432; *United States ex rel. Bowlegs* v. *Lane,* 43 App. D. C. 494; *United States ex rel. Laws* v. *Davenport,* 34 App. D. C. 502; *United States ex rel. Mc-Bride* v. *Schurz,* 102 U. S. 380; *United States ex rel. McManus* v. *Fisher,* 39 App. D. C. 176; *United States ex rel. Stevens* v. *Richards,* 33 App. D. C. 410; *United States ex rel. Turner* v. *Fisher,* 222 U. S. 204; *Williams* v. *United States,* 138 U. S. 514.

Mr. Justice ROBB delivered the opinion of the Court:

It is unnecessary to consider whether the title to the allotment in question vested in appellant when the patent thereto was recorded, for the reason that under the averments of the answer it is plain that to grant the relief prayed would be for the court to lend its aid in the perpetration of injustice and wrong. Before this extraordinary remedy may be invoked, it must be made to appear that there is a wrong to be righted; and where, as here, it appears that wrong and injustice would result from the issuance of the writ, it will not be granted. *United States ex rel. Stevens* v. *Richards,* 33 App. D. C. 410; *United States ex rel. Laws* v. *Davenport,* 34 App. D. C. 502; *United States ex rel. McManus* v. *Fisher,* 39 App. D. C. 176; *Lane* v. *Duncan Townsite Co.* 44 App. D. C. 63; *Richards* v. *Davison,* 45 App. D. C. 395, 402; *United States ex rel. Turner* v. *Fisher,* 222 U. S. 204, 56 L. ed. 165, 32 Sup. Ct. Rep. 37.

In the case last cited the court said that, although the petition for the writ alleged that the relators were freedmen duly enrolled, and denied the truth of the testimony on which their names were stricken off, the answer of the Secretary alleging, "on information and belief, that the relators were not freedmen members or members by blood or marriage of the Creek Nation, and that their enrolment had been procured by fraud," stated a defense which would have defeated the right to a restoration of relators' names, even though they had been stricken from the rolls improperly without due process. The opinion continues: "Where a general demurrer to an answer containing such defense was overruled, and the relators, instead of replying,

elected to stand on their demurrer, the writ of mandamus was properly refused. *Re Sanford Fork & Tool Co.* 160 U. S. 247, 257, 40 L. ed. 414, 417, 16 Sup. Ct. Rep. 291.

"To have issued the writ would have involved the useless thing of requiring relators' names to be re-entered, and in other proceedings having their names stricken because the original enrolment had been procured by fraud, thus admitted by the demurrer."

The judgment therefore is affirmed, with costs.    *Affirmed.*