THE STATE, EX REL. JOHN P. BERONIO, RELATOR-APPEL-
LEE, v. PENSION COMMISSION OF THE CITY OF HO-
BOKEN, RESPONDENT-APPELLANT.

Argued May 19, 1943—Decided September 16, 1943.

For the appellant, *John J. Fallon.*

For the appellee, *Edward Stover.*

The opinion of the court was delivered by

HEHER, J. The appeal is from a judgment awarding a peremptory writ of *mandamus* commanding the appellant Pension Commission to "act favorably" upon the appellee's application for retirement from the Hoboken police force on pension under *R. S.* 43:16–1.

The appellee moves to dismiss the appeal upon the grounds (1) that "no appeal lies from the granting of a writ of *mandamus,* which is a matter of discretion;" and (2) the questions raised are moot since the appellant "has retired the relator, and is paying him his pension."

Issues of law and fact were raised by an alternative writ of *mandamus,* a return thereto, and a plea to the return. Depositions were taken; and, after hearing, there was judgment that the matters and things set forth in the alternative writ are "sufficient in law" to sustain relator's action, and that the return be dismissed and a peremptory *mandamus* issued accordingly. Thus, there was a course of pleading as in personal actions, presenting the rights of the parties for adjudication; and the resultant judgment settling the rights thereby put in litigation is final and conclusive, and therefore appealable according to the principles of the common law. The modern practice likens the application for a *mandamus* to a personal action and the alternative writ to a declaration therein. *Layton* v. *State,* 28 *N. J. L.* 575; *Silverthorne* v. *Warren Railroad Co.,* 33 *Id.* 173: *Kenny* v. *Hudspeth,* 59 *Id.* 504; *Morris & Cummings Dredging Co.* v. *Bayonne,* 76 *Id.* 573; *Hamilton Township* v. *Mercer County Traction Co.,* 89 *Id.* 163; *Browne* v. *King,* 91 *Id.* 317; *Trinkle* v. *Donnelly,* 98 *Id.* 298; *Reed* v. *Board of County Canvassers,* 119 *Id.* 115; *Roberts* v. *Hetrick,* 125 *Id.* 633; *Strobel Construction Co.* v. *Sterner,* 128 *Id.* 379. *R. S.* 2:83–11 is merely declaratory of this common law principle. It is not determinative of the question that the award of this remedy rests in judicial discretion. Of this, more hereafter.

And the second ground for dismissal is equally untenable. Submission to the mandate of the writ was pursuant to a resolution adopted by the appellant commission reciting its decision to take an appeal from the judgment and advice given by the municipal attorney that the appeal would not act as a *supersedeas*. In these circumstances, there was no waiver or estoppel by acts or course of conduct inconsistent with the right of appeal. This is a right favored in the law; and it will not be deemed waived except for compelling reasons. Intent is an ingredient of waiver. The course taken here did not constitute a recognition of the validity of the judgment. Appellant conceived it to be its duty to satisfy the command of the writ, and made known that compliance was not to be deemed an abandonment of its right of appeal.

It is the prevailing rule that even the voluntary payment, performance or satisfaction of a judgment, unless made in compromise or settlement of the controversy, does not *ex necessitate* constitute a waiver of the right of appeal, especially where repayment or restitution may be enforced, or the effect of compliance may be otherwise undone, in the event of a reversal. 4 *C. J. S.* 409, *et seq.* Moreover, the subject-matter of the action is of public concern.

The motion to dismiss is accordingly denied.

Conceding that the appellee has a "legal right" to retirement, in that he has satisfied all the statutory prerequisites, appellant nevertheless insists that equitable principles should have moved the Supreme Court to deny the motion for a *mandamus*.

*Section* 43 :16–7 clothes the local pension commissions with the "control and management" of the pension fund constituted by the statute "and of the retirement of members of the departments," and with authority to "make all necessary rules and regulations with regard thereto, * * * not inconsistent" with the terms of the act; and it is said that these commissions have a measure of discretion which was properly exercised here, since the appellee "is sound in body and mind" and public policy ordains that in the emergency of war all citizens shall be under an imperative duty of service in some suitable capacity related to the prosecution of the war, and

"well-trained policemen and firemen upon whom so much depends for the protection of the lives and property of our citizens should be 'frozen' to their tasks," if not incapacitated. The point is made that, due to the abnormal conditions attending the war, and particularly the operation of the selective service system, it is not practicable to fill all vacancies in the personnel of police and fire departments, and, if all members now eligible to a pension under the statute should exercise the option, these particular public safety facilities would be rendered incapable of effective function, and thus the safety of persons and property, and in a measure the national safety, would be gravely imperiled. In sum, it is contended that "the personal clear legal right of the relator should be subordinated to the public welfare." We do not have this view.

*Mandamus* is a legal remedy for the protection of purely civil rights. In the efflux of time, it has lost some of the characteristics of the common law prerogative writ. Indeed, the modern tendency is not to treat it as a prerogative writ except when invoked in matters of direct concern to the public, but as an ordinary writ of right to remedy official inaction. *High's Extraordinary Legal Remedies* (3d ed.), §§ 3, 4, 5, 6, 9, 430; 38 *C. J.* 544; 34 *Am. Jur.* 811. In this state, it is an extraordinary remedial process to compel the performance of a specific act or duty; and its issuance ordinarily involves the exercise of a sound discretion. *Edward C. Jones Co.* v. *Town of Guttenberg*, 66 *N. J. L.* 58; *affirmed, Id.* 659; *Clark* v. *Elizabeth*, 61 *Id.* 565. See, also, *Rahway* v. *Munday*, 44 *Id.* 395; *Hourigan* v. *North Bergen Township*, 113 *Id.* 143. The right of the relator and the public duty sought to be enforced must both be clear and certain. *Uszkay* v. *Dill*, 92 *Id.* 327. But in the enforcement of private rights, the lawful exercise of discretion excludes mere caprice or arbitrary action. In the words of Lord Mansfield, judicial discretion means "sound discretion, guided by law. It must be governed by rule, not by humour. It must not be arbitrary, vague and fanciful, but legal and regular." *Rex* v. *Wilkes*, 4 *Burr.* 2527, 2539. It demands that the rights of the parties in the particular case be declared and enforced according to law. Such exercise of judicial power is necessarily controlled by the will of the law-making body.

Yet, for the furtherance of essential justice, the allowance of the remedy of *mandamus* is subject to certain well-defined qualifications. The writ issues to redress a wrong, not to promote one; to command the performance of a duty which ought to be performed, not to direct an act which will work a public or private mischief, or will be within the strict letter of the law, but in disregard to its spirit. *Duncan Townsite Co.* v. *Lane*, 245 *U. S.* 308; 38 *S. Ct.* 99; 62 *L. Ed.* 309. It may be refused where the result will be "disorder and confusion, * * * or where the rights of third persons will be injuriously affected." *McCormick* v. *New Brunswick*, 89 *N. J. L.* 117; *Keller* v. *Board of Commissioners of Irvington*, 6 *N. J. Mis. R.* 1092; *Maxim Motor Co.* v. *Borough of Palisades Park*, 7 *Id.* 186; *DiOrio* v. *City Clerk of Atlantic City*, 10 *Id.* 1154. It does not issue to compel the doing of an idle act. *United States, ex rel. Turner* v. *Ferber*, 222 *U. S.* 204; 32 *S. Ct.* 37; 56 *L. Ed.* 165.

And the exercise of this judicial discretion is to some extent controlled by equitable principles. In the performance of this function, courts are mindful of the public interest; and the remedy of *mandamus* ordinarily will be denied if compliance with the writ would work a public injury or embarrassment, just as in its sound discretion a court of equity may withhold relief where it would be prejudicial to a paramount public interest. *United States, ex rel. Greathouse* v. *Dern*, 289 *U. S.* 352; 53 *S. Ct.* 614; 77 *L. Ed.* 1250. And the action is subject to the equitable doctrine of laches rather than the statute of limitations. *United States, ex rel. Arant* v. *Lane*, 249 *U. S.* 367; 39 *S. Ct.* 293; 63 *L. Ed.* 650. But *mandamus* is a legal rather than an equitable remedy, still extraordinary in nature; and it issues only to enforce a legal right or duty where there is no other adequate legal remedy. *Edward C. Jones Co.* v. *Town of Guttenberg, supra; McAllister* v. *Atlantic City*, 90 *N. J. L.* 93; *affirmed*, 91 *Id.* 701; *State* v. *Paterson, Newark and New York Railroad Co.*, 43 *Id.* 505; *Nicholson Pavement Co.* v. *City of Newark*, 35 *Id.* 396. It cannot be utilized to enforce purely equitable rights. *Freeholders of Essex* v. *Newark National Bank*, 48 *Id.* 51; *reversed, Id.* 627. The applicant's "equitable right" is not

triable on *mandamus*, for thereby the writ would be made to serve "the purpose of an ordinary suit and to depart from the settled rule that the writ of *mandamus* may not be employed to secure the adjudication of a disputed right for which an ordinary suit affords a remedy equally adequate and complete." *United States, ex rel. Girard Trust Co.* v. *Helvering,* 301 *U. S.* 540; 57 *S. Ct.* 855; 81 *L. Ed.* 1272.

Tested by these principles, the judgment under review is unassailable. The duty of the Pension Commission was clear and specific; there was no element of discretion with respect to its execution. Neither the denial nor the deferment of the benefits of the act finds sanction in any equitable consideration. There is no tangible basis for the conclusion that observance of the statutory mandate will work radical public injury. There is no evidence of a public emergency that warrants disregard of the peremptory legislative command. It is not within the judicial province to challenge the wisdom of the economy which permits the retirement of able-bodied policemen and firemen at the age of 50 years (and not infrequently to accept employment in private industry at a rate of pay equal to, or nearly so, that received in the civil service), thus placing upon the taxpayers the burden of pensions which bankrupt pension funds are unable to bear. The policy or impolicy of this provision is the exclusive function of the law-making body. It may well be a perversion of the pension principle and violative of all sound tenets of municipal economy, but we have not the faculty of redressing the wrong. The remedy lies with the legislative branch of the government. And the record reveals that a remedial measure introduced in the legislature during the current session failed of passage. The denial of *mandamus* here would constitute a judicial usurpation of the legislative power. It would annul substantial provisions of the statute.

The judgment is accordingly affirmed.

*For affirmance*—CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 10.

*For reversal*—None.