**Ralph J. JACKSON, Petitioner,**

v.

**Cecil McCALL, Respondent.**

**Civ. A. No. 81-0180.**

United States District Court,
District of Columbia.

March 12, 1981.

---

ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is the petition of Ralph J. Jackson for a writ of habeas corpus or, in the alternative, for a writ of mandamus. Petitioner was serving a combined sentence of twenty-three years and six months with a full-term expiration date of February 7, 1995, as a result of three federal district court convictions. He was paroled on December 5, 1979, but the United States Parole Commission issued a parole violator warrant on April 28, 1980, based upon his arrest for assault with a dangerous weapon in the District of Columbia and charges that he was using drugs and failing to report to his parole officer. On May 6, 1980, the warrant was executed by United States Marshalls in the District of Columbia, petitioner was taken into custody, and he was subsequently designated for transfer to the Federal Penitentiary at Terre Haute, Indiana, where he was to receive a final parole revocation hearing. Before he was transferred, however, he pleaded guilty to two counts of bank robbery in the United States District Court for the District of Columbia and received two concurrent ten-year sentences on August 14, 1980. While Jackson was awaiting trial on another bank robbery charge in the federal district court in Baltimore, Maryland, he was taken to the Federal Penitentiary in Lewisburg, Pennsylvania, on September 24, in an effort to present him in Terre Haute for a parole revocation hearing. Then, on October 16, 1980, the United States Parole Commission withdrew the April 28, 1980, parole violator warrant and issued a new violator warrant on October 17 on the basis of the two bank robbery convictions in the District of Columbia and the pending bank robbery charge in Baltimore. On November 13, 1980, the Baltimore district court sentenced petitioner to another seven years' imprisonment upon his plea of guilty to the bank robbery charge.

Jackson filed the instant petition *pro se* on January 26, 1981. In essence, he asserts that the failure to provide him with a timely final parole revocation hearing on the alleged violations underlying the April 28, 1980, parole violator warrant infringed upon his constitutional rights to due process and equal protection. Furthermore, petitioner claims that the withdrawal of the

April 28 warrant was not done in accordance with the standards set forth in the regulations governing the United States Parole Commission, 28 C.F.R. §§ 2.1–2.60 (1980), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Therefore, Jackson argues, both the April 28 warrant and the subsequent warrant issued on October 17 are invalid.

In turn, respondent Cecil McCall, chairman of the United States Parole Commission, urges that petitioner's claims for relief are moot because the April 28 warrant was withdrawn and the Parole Commission is no longer proceeding on the charges of assault, drug use, and the failure to report. The new parole violator warrant is founded upon the more recent bank robbery convictions in the District of Columbia and the similar charge in Baltimore. These alleged parole violations occurred in 1980; they clearly antedate the expiration of petitioner's original sentence, February 7, 1995, and, therefore, the Parole Commission has jurisdiction to issue the new warrant.

■ The Court finds that Jackson's petition for a writ of habeas corpus or, in the alternative, for a writ of mandamus must be denied. With respect to the application for a writ of habeas corpus, the Court is governed by 28 U.S.C. § 2241. That section provides that habeas corpus will not extend to a prisoner unless he is "in custody," and it is implicit in the Supreme Court's opinion in *Moody v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976), that the execution of a parole violator warrant and custody under that warrant satisfies the "custody" requirement. Furthermore, it is well established that a final revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer*, 408 U.S. at 488–89, 92 S.Ct. at 2603–04 (1972).

■ Nevertheless, the Court agrees with respondent that petitioner's attacks upon the April 28, 1980, warrant are moot because the warrant was withdrawn. Neither constitutional considerations as discussed in *Morrissey v. Brewer, id.*, nor the statute and regulations relating to the revocation of parole, 18 U.S.C. §§ 4213–14 and 28 C.F.R. §§ 2.44–2.52, entitle petitioner to a final revocation hearing subsequent to the withdrawal of the warrant citing violations upon which that hearing was to be based. The Court also notes that none of those authorities even discusses the procedure to be followed in order to effect such a withdrawal. Logic dictates that a parolee needs no protection when he ceases to be threatened with the revocation of his parole on the basis of certain violations of his parole conditions. However, if, as in the instant case, new violations are alleged, the parolee is safeguarded by the procedures enunciated in *Morrissey v. Brewer, id., Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236, and the statute and regulations referred to above. Because petitioner has not yet been denied any of those protections since the issuance of the second parole violator warrant on October 17, 1980, habeas corpus will not lie against the more recent warrant.

■ A writ of mandamus is similarly unavailable to petitioner Jackson. This Court has the authority to grant such a writ under 28 U.S.C. § 1651. However, "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined," will mandamus issue. *Central South Carolina Chapter, Society of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 561–62 (4th Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 771 (1978). *See also Interstate Commerce Commission v. New York, New Haven & Hartford Railroad Co.*, 287 U.S. 178, 203–04, 53 S.Ct. 106, 113–14, 77 L.Ed. 248 (1932); *Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C.Cir.1973); *Morgan v. Hines*, 149 F.2d 21, 22 (D.C.Cir.), *cert. denied*, 326 U.S. 734, 66 S.Ct. 42, 90 L.Ed. 437 (1945). As demonstrated above, the United States Parole Commission may withdraw a parole violator warrant at will, and it has no obligation whatsoever to provide a final revocation hearing on the charges supporting a parole violator warrant when that warrant has been withdrawn. Further-

more, there is precedent to the effect that mandamus "will not be granted in aid of those who do not come into court with clean hands." *United States ex rel. Turner v. Fisher*, 222 U.S. 204, 209, 32 S.Ct. 37, 38, 56 L.Ed. 165 (1911). Having been convicted of bank robbery three times since he was released on parole, petitioner can hardly claim that he brings his petition for a writ of mandamus to the Court with clean hands.

Upon consideration of the entire record herein, it is, by the Court, this 12th day of March, 1981,

ORDERED, that Ralph J. Jackson's petition for a writ of habeas corpus or, in the alternative, for a writ of mandamus be, and the same hereby is, denied.