Larry D. WALKER, Plaintiff,

v.

John S. HENDERSON, Warden, District of Columbia Department of Corrections Occoquan Facility, and Carol Pavolok–Getty, Chairperson, United States Parole Commission, Defendants.

Civil No. 95–1738 (CRR).

United States District Court,
District of Columbia.

Jan. 16, 1996.

Larry D. Walker, Lorton, VA, pro se.

John Michael Facciola, U.S. Attorney's Office, Washington, DC, for defendants.

## MEMORANDUM OPINION OF CHARLES R. RICHEY, UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

Before the Court in the above-captioned case are the petitioner's "Writ of Mandamus to Compel the United States Parole Commission to Render Petitioner a Dispositional Review on Detainer/Warrant" and the respondent's Motion to Dismiss. Upon careful consideration of the parties' pleading, the entire record herein, and the law applicable thereto, the Court shall grant the respondent's Motion.[1]

## BACKGROUND

The petitioner, who is currently incarcerated at the Lorton Reformatory serving an eighteen year to life sentence imposed by the District of Columbia Superior Court pursuant to his conviction for manslaughter and second degree murder while armed, alleges that the defendants have unlawfully executed a detainer against him. The gravamen of the petitioner's claim is that the United States Parole Commission "failed to follow their own rules and regulations concerning the issuance of a 'Parole Violator's Warrant,' [ ] lodging it as a 'Detainer'.... in violation of 18 U.S.C. § 4214(b) and (c), and 28 C.F.R. § 2.27." The petitioner requests that the Commission provide him with a dispositional review hearing.

---

1. The Court's October 10, 1995 Show Cause Order gave the petitioner until 4:00 p.m. on November 6, 1995 to file an Opposition to the respondents' Response. After the petitioner failed to do so, the Court entered an Order on November 9, 1995 directing the petitioner to file an opposition by 4:00 p.m. on November 20, 1995 and informing him that failure to do so could result in dismissal of his Complaint. Because the petitioner has failed to file an Opposition in the interim, the Court could treat the respondents' Motion as conceded pursuant to Local Rules 108(b) and 211. However, consistent with the liberal treatment generally afforded *pro se* litigants, the Court will address the merits of the petitioner's claim.

The petitioner committed the offense for which he is currently incarcerated while he was serving a three-year special parole term imposed by this Court on November 30, 1979. *See* Presentence Investigation Report, attached to the respondents' Response as Exhibit B. He received an initial parole hearing on May 8, 1980, after which the Commission decided to deny parole on the regular portion of his sentence. *See* Hearing Summary, attached to Response as Exhibit C. However, due to his accumulated good time credit, the petitioner was released on April 30, 1981, at which time he began serving a three-year special parole term. *See* Certificate of Special Parole, attached to Response as Exhibit E.

As the respondents note, the petitioner's supervision on special parole was problematic. In October 1981, the petitioner's probation officer reported that the petitioner had been arrested and charged with violating the Uniform Controlled Substances Act. *See* Letter, attached to Response as Exhibit F. The petitioner's probation officer recommended that no action be taken pending the resolution of the outstanding charge. On May 20, 1982, the petitioner entered a plea of guilty and was subsequently placed on probation for a period of fifteen months. *See* Letter, attached to Response as Exhibit G. Based on this conviction and the petitioner's behavior while on supervised release, the petitioner's probation officer requested that a special parole violator warrant be issued. *See id.* The Commission complied with this request and issued a special parole violator warrant on January 5, 1983, charging the petitioner with three separate violations of his release. *See* Warrant Application and Warrant, attached to Response as Exhibits H and I.

Before the Commission's warrant could be executed, the petitioner was charged with murder; he subsequently turned himself in to the Metropolitan Police Department. *See* Letter, attached to Response as Exhibit J. Based on this new information, the Commission supplemented the warrant application to include the additional parole violation charges of second degree murder while armed and manslaughter. *See* Supplemental Warrant Application, attached to Response as Exhibit K. This new criminal conduct involved two different murders, one occurring on December 24, 1982 and the other occurring on January 9, 1983. *See id.* at pp. 1–2.

In July of 1984, the Commission inquired about the status of the outstanding criminal charges. *See* Memorandum, attached to Response as Exhibit L. In response to the Commission's inquiry, the probation officer reported that, on June 7, 1984, the petitioner was given a fifteen-year to life sentence on the second degree murder while armed charge, and a three to fifteen-year sentence on the manslaughter charge. *Id.* Upon the basis of this new information, the Commission again supplemented the warrant application. *See* Supplemental Warrant Application, attached to Response as Exhibit M.

In December 1984, the Commission inquired as to the present location of the petitioner so that it could commence a dispositional review of the detainer. *See* Memorandum, attached to Response as Exhibit N. Upon learning that the petitioner was incarcerated at the maximum security facility at Lorton, Virginia, the Commission commenced a dispositional review of the detainer and, upon receiving a progress report from the District of Columbia, the Commission conducted a dispositional record review. *See* Dispositional review, attached to Response as Exhibit O. Thereafter, the Commission ordered that the detainer stand and that a dispositional revocation hearing be conducted subsequent to January 1998. *See* Order, attached to Response as Exhibit P. A letter informing the petitioner of the Commission's decision was sent on March 8, 1985. *See* Letter, attached to Response as Exhibit Q. The letter was again mailed to the petitioner on August 10, 1993. *See* Letter, attached to Response as Exhibit R.

On July 27, 1995, the Commission conditionally withdrew its warrant. *See* Order, attached to Response as Exhibit S. Therefore, the warrant can no longer be lodged as a detainer.

## DISCUSSION

As noted, the petitioner claims that the Commission failed to follow their own rules and regulations concerning the issuance of the detainer. Accordingly, he asks that the Commission provide him with a dispositional review hearing. Because the Commission has withdrawn its warrant and it no longer remains lodged as a detainer against him, the petitioner's claim is moot. Furthermore, even if the warrant were still lodged as a detainer against him, the petitioner is not entitled to a revocation hearing until the warrant is executed.

### I. The Commission's withdrawal of the warrant renders the petitioner's claim moot.

■ The instant case mirrors *Jackson v. McCall,* 509 F.Supp. 504 (D.D.C.1981), in which this Court denied a parolee's petition for a writ of habeas corpus, or in the alternative, for a writ of mandamus requiring a final parole revocation hearing, where the warrant alleging parole violations was withdrawn rendering parolee's claim moot. With respect to the petitioner's application for a writ of habeas corpus, the Court noted that 28 U.S.C. § 2241

> provides that habeas corpus will not extend to a prisoner unless he is "in custody," and it is implicit in the Supreme Court's opinion in *Moody v. Daggett,* 429 U.S. 78, 88, 97 S.Ct. 274, 279, 50 L.Ed.2d 236 (1976), that the execution of a parole violator warrant and custody under that warrant satisfies the "custody" requirement. Furthermore, "it is well established that a final revocation hearing 'must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey v. Brewer,* 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972).

*Jackson,* 509 F.Supp. at 506. The Court concluded that the petitioner's attacks upon his warrant were moot because the warrant was withdrawn. *Id.* Neither constitutional considerations as discussed in *Morrissey v. Brewer,* nor the statute and regulations relating to the revocation of parole, 18 U.S.C. § 4213–14 and 28 C.F.R. §§ 2.44–2.52, entitled the petitioner to a final revocation hearing subsequent to the withdrawal of the warrant citing violations upon which that hearing was to be based. *Id.*

The Court found the writ of mandamus similarly unavailable to the petitioner. While it had the authority to grant such a writ under 28 U.S.C. § 1651, the Court noted that "'only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined,' will mandamus issue." *Id.* (quoting *Central South Carolina Chapter, Soc'y of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 561–62 (4th Cir.1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 771 (1978) (citations omitted)). Because the Commission may withdraw a parole violator warrant at will and it has no obligation to provide a final revocation hearing on the charges supporting a parole violator warrant when that warrant has been withdrawn, mandamus would not lie. *Jackson,* 509 F.Supp. at 506.

In the instant case, the petitioner's claim suffers from the same deficiencies. The petitioner's objective is to have the detainer removed. Since the detainer has already been removed, there is no longer a case or controversy to litigate. *United States ex rel. Graham v. United States Parole Comm'n,* 732 F.2d 849, 850 (11th Cir.1984); *see also Bailey v. Southerland,* 821 F.2d 277, 278–79 (5th Cir.1987) (citing *Graham* ); *Johnson v. Riveland,* 855 F.2d 1477, 1481–82 (10th Cir.1988) (same).

### II. Even assuming that the warrant remains lodged as a detainer against him, it has not been executed and the petitioner would not be entitled to a hearing until it has been executed.

■ Moreover, even if the warrant were still lodged as a detainer, the petitioner would not be entitled to a revocation hearing until he is taken into custody under the warrant. In sum, until the Commission's warrant is executed, the petitioner has no right to a revocation hearing under either the Constitution or 18 U.S.C. § 4214(b)(1). *See Moody, supra; Heath v. United States Pa-*

**4**

*role Comm'n.*, 788 F.2d 85, 90 (2d Cir.1986); *Doyle v. Elsea*, 658 F.2d 512 (7th Cir.1981); *Spotted Bear v. McCall*, 648 F.2d 546 (9th Cir.1980); *Sanchez v. Riggsby*, 556 F.2d 1310 (5th Cir.1977).

## CONCLUSION

Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall enter an Order of even date herewith consistent with the foregoing Memorandum Opinion granting the respondent's Motion to Dismiss for lack of subject matter jurisdiction.