J.A. BITTER & ASSOCIATES, Relator,

v.

Honorable Carol R. HABERMAN,
Respondent.

No. 04–92–00162–CV.

Court of Appeals of Texas,
San Antonio.

May 6, 1992.

Rehearing Denied May 11, 1992.

Amy E. Bitter, San Antonio, for relator.

Paul T. Curl, Pape, Murray, McClenahan & Sparr, Inc., San Antonio, for respondent.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

PEEPLES, Justice.

Relator J.A. Bitter & Associates seeks a writ of mandamus compelling respondent to vacate an order granting a new trial and setting aside a default judgment. We conditionally grant the writ.

Bitter filed suit on October 25, 1990, against defendants Alvin Frieden and Burgies West Commerce, Inc. The record shows service on both defendants, though the judgment recites service on "the defendant." The judgment, signed on December 14, 1990, awards $242,205.71 plus attorney's fees, costs, and interest against both defendants and states that all relief not expressly granted is denied. Neither defendant filed a motion for new trial; the judgment therefore became final and the court lost plenary power over the case 30 days later under rule 329b. On June 6, 1991, respondent (who had signed the default judgment) granted Frieden new trial. The cause was set on the dismissal docket for March 10, 1992. On that date the judge in charge of dismissals under Bexar Coun-

**384**

ty's rotating docket dismissed the case for want of prosecution.

■ Bitter challenges respondent's jurisdiction to grant the new trial in June 1991. Frieden argues that the March 1992 dismissal order controls, that Bitter should have appealed the dismissal order instead of attacking the new-trial order by mandamus, and that laches should bar Bitter's mandamus action. We hold that the default judgment is the last valid order in this matter, and therefore no court had jurisdiction to grant a new trial or dismiss the case.

■ The default judgment was final and not interlocutory because it disposed of all parties and issues. *See Felderhoff v. Knauf,* 819 S.W.2d 110, 111 (Tex.1991); *North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893 (Tex.1966). Therefore the timetables for trial court jurisdiction and appellate review began to run on December 14, 1990, the date the judgment was signed. After the court's plenary jurisdiction expired on January 13, the judgment became final in the sense that the trial court lost all jurisdiction to modify it or set it aside. *See* TEX.R.CIV.P. 329b. Mandamus will issue to correct new-trial orders signed after plenary jurisdiction has expired. *See First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984); *Taack v. McFall,* 661 S.W.2d 923 (Tex.1983).

■ Frieden argues that substitute service on him was improper. But the timetables for loss of jurisdiction apply even if a court concludes that a defaulted defendant was not properly served. In such cases, the court cannot set aside the judgment after its plenary jurisdiction has expired; the defendant must attack the judgment by writ of error or bill of review. *See Thursby v. Stovall,* 647 S.W.2d 953, 954 (Tex.1983); *Deen v. Kirk,* 508 S.W.2d 70 (Tex.1974); *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 711 (1961); *Davis v. Boone,* 786 S.W.2d 85 (Tex.App.—San Antonio 1990, no writ). Nothing in this opinion prevents Frieden from attacking the default judgment directly by bill of review or collaterally if it is enforced against him. *See Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633, 636–37, 645–46

(Tex.1974); *McEwen v. Harrison,* 345 S.W.2d at 711; *Davis v. Boone,* 786 S.W.2d at 87–88 & nn. 2 & 3.

For all these reasons, the June 6 order granting the new trial and setting aside the judgment signed seven months earlier is void.

■ Frieden argues that Bitter's only remedy was to appeal the dismissal order and that mandamus is not available in these circumstances. But once its plenary jurisdiction had expired, the court lacked jurisdiction to sign the dismissal order because Bitter's cause of action had merged in the judgment and there was no longer a cause to dismiss. When a court that has lost jurisdiction nevertheless renders a new judgment in a case, mandamus is available and the complaining litigant need not appeal the second ruling, which the court had no jurisdiction to make. *See Rogers v. Clinton,* 794 S.W.2d 9, 11–12 (Tex.1990); *Ex parte Olivares,* 662 S.W.2d 594, 595 (Tex.1983); *Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973).

■ It is generally true that a relator seeking mandamus must show that it lacks an adequate remedy at law, and that the right to appeal after trial is ordinarily an adequate remedy that will prevent mandamus. *See Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). But we conclude that *Packer* does not apply to orders granting a new trial after the court has lost jurisdiction. In contrast to mandamus review of discovery orders, which the court dealt with in *Packer,* review of orders issued by a court that has lost jurisdiction does not interrupt ongoing trial court proceedings; review prevents further proceedings by a court that has no jurisdiction to act. We do not have before us an incidental trial ruling, which must be corrected on appeal and not by mandamus. *See Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954 (Tex.1990). Bitter is entitled to attack the new-trial order by mandamus without appealing the dismissal order.

We also reject Frieden's contention that mandamus should be denied because Bitter, having waited nine months to attack the

new-trial order, is guilty of laches. To begin with, we question whether laches can breathe life into a void order issued by a court that lacked jurisdiction. As the supreme court has said, "If the judgment in the present case is void, it will still be void 20 or 50 years hence." *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 645 (Tex. 1974).

■ Nevertheless, the record does not establish laches, which requires proof of (1) unreasonable delay by one asserting legal or equitable rights and (2) a good faith, detrimental change of position because of the delay. *Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 80 (Tex.1989); *Stergios v. Forest Place Homeowners' Ass'n, Inc.*, 651 S.W.2d 396, 401 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). "Mere lapse of time raises no presumption of laches. It must be an unreasonable delay which has worked injury to another person." *Gulf, Colorado & Santa Fe Ry. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); *accord, Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 170–71 (1943).

Frieden cites *Bailey v. Baker*, 696 S.W.2d 255 (Tex.App.—Houston [14th Dist.] 1985, no writ), in which relator waited more than three months after a discovery order to seek mandamus relief two weeks before trial. The court denied leave to file a petition for mandamus in part because of the delay. Here there is neither a showing of detrimental reliance nor a possibility of last-minute interference with an impending trial. Moreover, in contrast to our review of discovery rulings, if we were to deny mandamus relief Bitter would still suffer from an order that the trial court lacked jurisdiction to issue.

Because the trial court lacked jurisdiction to grant the new trial, we conditionally grant the writ of mandamus. Bitter has not sought relief from the order of dismissal, and therefore this court may not set it aside.