### In re SIMON PROPERTY GROUP (DELAWARE), INC.

No. 13–98–520–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 7, 1999.

& Knight, PC, Dallas, Rex N. Leach, Daniel G. Gurwitz, Atlas & Hall, McAllen, for Relator.

Craig S. Smith, Smith & Edwards, Corpus Christi, Felipe Garcia, Jr., Law Offices of Ramon Garcia, P.C., Edinburg, for Real Parties in Interest.

Before Chief Justice SEERDEN and Justices DORSEY and CHAVEZ.

## OPINION

CHAVEZ, Justice.

Simon Property Group (Delaware), Inc. (Simon Delaware) seeks a writ of mandamus ordering the 357th District Court to strike its orders reinstating a case against it and permitting the deposition of Michael Freese on the ground that the district court lacked authority to reinstate the case. We conditionally grant the writ.

This mandamus proceeding arises from a case filed by real parties in interest Roell and Debra Vento. The original petition in that case was filed on November 8, 1994. That case involved alleged wrongs committed against the Ventos in their efforts to establish a store at a shopping mall owned and operated by the Simon family of companies in Harlingen, Texas. The Ventos brought their suit against Simon Delaware and several other defendants.[1] During discovery for that case, the Ventos received an affidavit from Michael Freese, an attorney for Simon Delaware, indicating that Simon Delaware had no ownership interest in the mall in Harlingen. On April 11, 1996 the Ventos filed a motion to nonsuit Simon Delaware without prejudice. On May 7, 1996 the Ventos filed an amended pleading that omitted Simon Delaware as a defendant. On November 7, 1996, the trial court signed a judgment in favor of the Ventos which imposed liability on all the remaining defendants. All but one of the remaining defendants joined in a motion for new trial filed December 6, 1996.[2]

Debora Beck Alsup, Thompson & Knight, Austin, Scott Patrick Stolley, John A. Mackintosh, Rachelle Hoffman Glazer, Thompson

---

**1.** The other defendants to the underlying lawsuit were Tom Taylor, who had various business dealings with Mr. Vento at the shopping mall, Bruce Bradford, the manager of the shopping mall, Simon Property Group (Texas) L.P., and Golden Ring Mall Company Limited Partnership.

**2.** Bruce Bradford, Simon (Texas), and Golden Ring Mall Company joined in the motion for new

On January 12, 1997, the Ventos filed a motion to reinstate Simon Delaware and requested sanctions against it, arguing that evidence that came to light during the trial suggested that Freese's affidavit was false. On February 18, 1997, the trial court reinstated Simon Delaware and severed the case against them from the remaining defendants.

Simon Delaware removed the case to federal court on March 13, 1997. On August 4, 1997 the Ventos filed an amended complaint against Freese, Simon Delaware, and other defendants who were parties to the case that went to trial. On January 9, 1998 the federal district court remanded the case to state court. The deposition of Michael Freese was set for October 9, 1998, and Simon Delaware filed a motion for emergency relief and its petition for writ of mandamus with this court on October 5, 1998.

Simon Delaware argues that the trial court lacked authority to reinstate Simon Delaware after the case against the remaining defendants was concluded and a judgment was signed. They also contend that, even if reinstatement might have been permissible, the Vento's motion to reinstate was untimely because it was not filed within thirty days of the judgment. They also contend that the trial judge was without authority to consider sanctions against Simon Delaware more than six months after the Ventos nonsuited Simon Delaware and amended their pleadings to omit it.

■ Generally, mandamus is proper when two conditions have been met: (1) a clear abuse of discretion has been committed by the trial court, and (2) there exists no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Under various circumstances the requirement of no adequate remedy by appeal is relaxed, such as when the trial court undertakes void actions after it loses plenary power of a case. *City of McAllen v. Ramirez*, 875 S.W.2d 702, 705 n. 1 (Tex.App.—Corpus Christi 1994, orig. proceeding). Mandamus may issue to correct the trial court's error in improperly reinstating a case after the court

had lost jurisdiction to do so. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1991).

■ In this case, the Ventos filed their motion to reinstate and for sanctions on January 12, 1997, more than thirty days after the judgment. We hold that this motion was untimely, both as a request to "reinstate" the case against Simon Delaware, and as a request for sanctions.

The only provisions for a "motion to reinstate" in the Texas Rules of Civil Procedure are the rules governing situations where a case has been dismissed for want of prosecution. *See* Tex.R. Civ. P. 165a(3) (authorizing reinstatement upon finding that party's failure to prosecute cause of action was reasonably explained). Under rule 165a(3), a motion to reinstate must be filed within thirty days of the signing of the order dismissing the case. The Ventos contend that, because the trial court never signed an order dismissing the case against Simon Delaware, the time to file the motion to reinstate extended into the period of the court's plenary jurisdiction after the date of the judgment. However, the amended pleading filed by the Ventos on May 7, 1996, which omitted Simon Delaware as a defendant, removed Simon Delaware from the case and eliminated the need for an order dismissing it pursuant to the nonsuit. The Ventos motion to reinstate, filed more than seven months later, was untimely.

Of course, because this case involves a rather unusual procedural history and does not involve a dismissal for want of prosecution, applying the provisions of rule 165 to the facts of this case does not make for a neat fit. It is helpful to consider how the rules of civil procedure would apply if, rather than styling their motion a "motion to reinstate," the Ventos had sought to revive their case against Simon Delaware through a "motion for new trial."

■ This court has previously noted the practical similarities between a motion to reinstate and a motion for new trial and

trial and subsequently appealed. Tom Taylor did not join in the motion for new trial and did not

appeal.

looked disfavorably on any interpretation of the rules that would reach different results depending on whether a motion is styled "motion to reinstate" or "motion for new trial." *McAllen v. Ramirez*, 875 S.W.2d at 704–05. Motions for new trial are due within thirty days of the judgment. TEX.R. CIV. P. 329b. The Ventos contend that although their motion was filed more than thirty days after the judgment, the motion for new trial filed by some of the defendants named in the judgment extended the trial court's plenary power and extended the time for motions from the parties. While it is true that a motion for new trial extends the trial court's plenary jurisdiction, the time for parties to file motions for new trial is not extended. *See Voth v. Felderhoff*, 768 S.W.2d 403, 412 (Tex.App.—Fort Worth 1989, writ denied) (motion filed sixty-three days after judgment was untimely despite extension of court's plenary jurisdiction by previous motion for new trial); *see also Willacy County Appraisal Review Bd. v. South Padre Land Co.*, 767 S.W.2d 201, 202 (Tex.App.—Corpus Christi 1989, no writ) (motion for new trial filed sixty one days after judgment signed was a nullity despite extension of court's plenary jurisdiction by previous motion for new trial). Therefore, under the standards applicable to motions for new trial, the Ventos' motion, filed more than thirty days after the judgment, was untimely. We also note that, had the Ventos chosen to seek reinstatement of Simon Delaware through a trial amendment, that avenue would also have been closed to them because trial amendments are not permitted after judgment has been rendered. *Boarder to Boarder Trucking, Inc. v. Mondi*, 831 S.W.2d 495, 499 (Tex.App.—Corpus Christi 1992, no writ). Because the motion to reinstate was untimely, the court's order reinstating Simon Delaware is void.

■ For similar reasons, any further proceedings on the Ventos' motion for sanctions are also void. In support of the trial court's jurisdiction over their motion for sanctions, the Ventos rely on *In re Bennett*, 960 S.W.2d 35 (Tex.1997). In *Bennett*, the plaintiffs nonsuited a case, but the trial judge refused to

sign an order of dismissal. After the nonsuit was filed the trial judge, on his own motion, sanctioned the plaintiffs' attorneys. The Texas Supreme Court held that the trial judge retained authority to sanction the attorneys for pre-judgment conduct until the expiration of his plenary jurisdiction. *Id.* at 38. The court also held that the timetable for plenary jurisdiction in cases involving a nonsuit begins not with the filing of a nonsuit, but with an order dismissing the case. *Id.* As discussed above, in this case the Ventos' amended pleading on May 7, 1996 obviated an order dismissing the case against Simon Delaware, and the trial court had lost jurisdiction over the case against Simon Delaware on February 18, 1997 when it reinstated the case against it and ordered an evidentiary hearing to be held on the sanctions issues. Therefore, the trial court's order declaring that a hearing would be held on the Ventos' motion for sanctions was void.

■ The Ventos argue that, due to their fraudulent conduct, Simon Delaware comes before this Court with unclean hands, and, as such, is not entitled to equitable relief. Texas courts have held that, because mandamus is governed to some extent by equitable principles, a party that comes before the court with unclean hands is not entitled to issuance of a writ of mandamus. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n. 2 (Tex. 1990). It is not entirely clear whether the fraud referred to is the fraud alleged in the underlying lawsuit concerning the Ventos' store at the mall, or the fraud allegedly committed during discovery for that case. However, neither is a bar to mandamus relief. Both allegations of fraud are contested. The fraud alleged in the underlying lawsuit concerning events at the shopping mall is the subject of a challenge to the legal sufficiency of the evidence in an appeal pending before this Court. Simon Delaware has filed responsive pleadings denying the allegations of fraud concerning Freese's affidavit. Where allegations of fraud against a party remain under dispute, it is premature and inappropriate to apply the unclean hands doctrine against that party.[3]

---

3. In the cases cited as authority by the Ventos, either the presence of unclean hands was settled

or undisputed, or the case merely stands for the proposition that mandamus may be barred by

The Ventos also argue that Simon Delaware's petition should be barred by laches, because nearly a year and a half elapsed between the order of reinstatement and Simon Delaware's mandamus challenge. A party asserting laches must show (1) unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex.1989). The Ventos have not shown any detrimental good faith change in their position resulting from the delay. Furthermore, laches cannot confer jurisdiction to a court that has lost jurisdiction. *J.A. Bitter & Assocs. v. Haberman*, 834 S.W.2d 383, 385 (Tex.App.—San Antonio 1992, orig. proceeding), citing *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 645 (Tex.1974).

We conclude that the trial court lacked jurisdiction to reinstate the case against Simon Delaware, and likewise had no jurisdiction over the Ventos' motion for sanctions. We conditionally grant relator Simon Delaware's petition for writ of mandamus, and order the trial court to strike its order reinstating Simon Delaware, strike its order permitting the deposition of Michael Freese, and dismiss the case against Simon Delaware. We are confident that the trial court will act in accordance with our directive. The writ will not issue unless the trial court fails to comply with this opinion.

unclean hands, without actually applying the doctrine to the facts of the case. For example, in *Turner v. Fisher*, 222 U.S. 204, 209, 32 S.Ct. 37, 38, 56 L.Ed. 165 (1911), mandamus was denied where the petitioner demurred to the real party in interests' allegations of perjury. In *De Gaster v. Dillon*, 247 F.Supp. 511, 516 (D.D.C.1963), *aff'd sub nom. De Gaster v. Fowler*, 354 F.2d 515 (D.C.Cir.1965); the federal trial court made a fact finding that the petitioner had filed a false document, thereby precluding mandamus relief. Similarly, in *Westerman v. Mims*, 111 Tex. 29, 227 S.W. 178, 181–82 (Tex.1921, orig.proceeding), the dishonest act of the petitioner was undisputed. In *Jackson v. McCall*, 509 F.Supp. 504, 506 (D.D.C.1981), the petitioner, who complained of procedures pertaining to his parole revocation, was considered to have "unclean hands" because he had been convicted of three bank robberies while on parole. The most recent case cited by the Ventos, *Axelson v. McIlhany*, 798 S.W.2d 550, 556 (Tex.1990), acknowledges the viability of the unclean hands doctrine as a bar to mandamus relief, but holds that doctrine inapplicable in that case.