Dismissed and Memorandum Opinion filed November 29, 2007









Dismissed
and Memorandum Opinion filed November 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00862-CV

____________

 

OTONIEL DE JESUS CANTU-GARCIA a/k/a TONY CANTU,
Appellant

 

V.

 

EPERNAY COMMUNITY ASSOCIATION, INC., DANIEL P.
PROUSSARD, CRAIG P. DEHAAN, JOHN R. FEIGAL, and 

TEXAS COMMUNITY MANAGEMENT, INC., Appellees

 





 

On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 853807

 





 

M E M O R A N D U M   O P I N I O N

 

The
clerk=s record in this appeal reflects that
the trial court dismissed this case on March 26, 2007.  Both appellant and
appellee Epernay Community Association, Inc., assert, however, that this appeal
is from an agreed order of dismissal signed June 27, 2007.  The notice of
appeal was not filed until September 27, 2007.  Appellant asserts
that he filed a motion to reinstate on August 9, 2007, and an amended motion to
reinstate on August 23, 2007.  Our record does not contain a motion to reinstate.  A motion to
reinstate must be filed within 30 days of the order of dismissal.  See
Tex. R. Civ. P. 165a(3), 329b; see
also McAllen v. Ramirez, 875 S.W.2d 702, 704‑05 (Tex. App.CCorpus Christi
1994, orig. proceeding) (noting the practical similarities between a
motion to reinstate and a motion for new trial).  A motion to reinstate
filed more than 30 days after dismissal is untimely.  In re Simon Prop.
Group (Delaware), Inc., 985 S.W.2d 212, 214‑215 (Tex. App.CCorpus Christi
1999, orig. proceeding).  Therefore, even if we accept appellant=s statement that
he filed a motion to reinstate on August 9, 2007, it was untimely.  The
trial court=s plenary power over the dismissal order expired 30
days after it was signed.  Once a trial court loses plenary power, it may
only take limited actions with respect to the judgment, such as correction of a
clerical error or enforcement of the judgment.  Custom Corporates, Inc.
v. Security Storage, Inc., 207 S.W.3d 835, 839 (Tex. App.CHouston [14 Dist.]
2006, no pet.).

The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law.  See Tex. R. App. P. 26.1.  An appeal
from order dismissing a case is taken from order of dismissal, not from the
court=s ruling on a
motion to reinstate.  Weik v. Second Baptist Church, 988 S.W.2d
437, 438 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied).  Therefore, to appeal the dismissal of this case, appellant was
required to file a notice of appeal on or before July 27, 2007, 30 days after
the dismissal order.

Appellant=s notice of appeal filed September 27,
2007, was not timely.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by rule 26.1, but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time.  See
Verburgt v. Dorner, 959 S.W.2d 615, 617-18 (1997) (construing the predecessor
to Rule 26).  Appellant=s notice of appeal was not filed within
the fifteen-day period provided by rule 26.3, however.

 

On November 1, 2007, appellee Epernay Community
Association, Inc. filed a motion to dismiss the appeal for want of
jurisdiction.  See Tex. R.
App. P. 42.3(a).  Appellant filed a response, but his response
fails to demonstrate that this court has jurisdiction to entertain the appeal.

Epernay also filed a motion for sanctions seeking damages for
appellant=s filing of a frivolous appeal.  See Tex. R. App. P.45.  We deny the
motion.  We also deny appellant=s request for
sanctions and attorney=s fees contained in his response to the
motions to dismiss and for sanctions.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed November 29, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.