WR-83, 719-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/11/2015 10:43:07 AM
Accepted 11/12/2015 8:32:51 AM
ABEL ACOSTA
CLERK

# TEXAS COURT OF CRIMINAL APPEALS

_____

## CASE NO.

## WR-83,719-01

_____

FILED IN
COURT OF CRIMINAL APPEALS

November 12, 2015

ABEL ACOSTA, CLERK

## IN RE STATE OF TEXAS EX REL. ABELINO REYNA
### Relator

_____

**Trial Cause No. 2015-1955-2**
**In the 54th District Court, McLennan County**
**Honorable Matt Johnson, Presiding**

**Appellate Cause No. 10-14-00235-CR**
**10th Court of Appeals**
**Waco, Texas**

_____

## SECOND EMERGENT MOTION BY REAL-PARTY-IN-INTEREST MATTHEW ALAN CLENDENNEN TO VACATE STAY BASED ON RELATOR'S UNCLEAN HANDS

_____

**F. CLINTON BRODEN**
**TX Bar No. 24001495**
**Broden, Mickelsen, Helms & Snipes, LLP**
**2600 State Street**
**Dallas, Texas 75204**
**(214) 720-9552**
**(214) 720-9594(facsimile)**

**Attorney for Matthew Alan Clendennen**

With due respect to the Court and simply put, the Relator is skillfully playing this Court.

## I

As this Court now knows, immediately following the "Twin Peaks incident" on May 17, 2015, Relator and other state actors engaged in an unrelenting campaign using world wide media outlets which was designed to scare the public with pictures of roving "biker gangs." Once Relator accomplished that task and on June 30, 2015, it was Relator who sought and obtained the gag order in question and did so by presenting it ten minutes prior to an unrelated hearing.

On August 7, 2015, the Tenth Court of Appeals entered its unanimous opinion conditionally granting a Writ of Mandamus in this case in the event the District Court did not withdraw its unconstitutional gag order by August 14, 2015.

It is now almost five months since the gag order was entered upon Relator's request.

## II

On September 18, 2015, Relator, Abelino Reyna, violated the very gag order he is asking this Court to uphold in a written statement to KWTX News in Waco, Texas reported:

> McLennan County District Attorney Abel Reyna, in a brief statement, said "someone violated their ethical and legal obligations" in making

2

the material available to AP.

"Our focus in the Twin Peaks matter will remain on the facts and the law and not it," he said.

Attachment A to Emergent Motion by Real-Party-In-Interest Matthew Alan Clendennen to Vacate Stay Based on Relator's Unclean Hands.[1]

Subsequent to the release of that written statement and on September 21, 2015, Mr. Clendennen filed his Motion to Vacate Stay Based on Relator's Unclean Hands. Nevertheless, this Court ultimately "declined to act" and suggested that Mr. Clendennen's remedy was to file for an Order to Show Cause with the District Court based upon the alleged violation of the gag order. *Unfortunately, that creates a perverse situation because Mr. Clendennen believes that the gag order sought by Relator is unconstitutional and so he is hardly in a position to turn around and argue for its enforcement against Relator in the District Court.*

**III**

---

[1]This was not the first time Relator Reyna has violated the gag order. On or about July 8, 2015, Mr. Reyna gave a press interview discussing the selection of the grand jury foreperson for the grand jury that could possibly consider Mr. Clendennen's case. *See* Appendix 1 to Mr. Clendennen's September 14, 2015 brief. During that interview, Mr. Reyna told the media: "That's the system. He was chosen totally at random, like the law says."

Perhaps emboldened by the Court "declining to act" in the past, Relator has now moved on to giving press conferences about the case. Following the indictment of Mr. Clendennen and others, Relator held a press conference to announce the indictments. Relator announced that the indictment of Mr. Clendennen and others was the result of his team's "dedicat[ion]" to "seeing that justice is done in all those cases." *See* Attachments A and B. In other words, Relator expressed his belief that the indictments in this case actually represent justice. Relator also denounced those that have criticized the case against Mr. Clendennen and others by implying that such criticism was unwarranted because Relator was only "worried about the facts, the law and the evidence." *Id.*

The gag order in this case, *drafted by Relator*, was based on the trial court's finding that a gag order was necessary because of "counsels' willingness to give interviews to the media" and it ordered that the parties "shall not discuss the case with the media." So what does Relator do, he holds a press conference to equate the indictment of Mr. Clendennen with "justice?"[2]

**IV**

---

[2]Could Mr. Clendennen then thumb his nose at the gag order and hold a press conference announcing that his indictment is, in fact, a travesty of justice and questioning how any fair and impartial grand jury could possible consider 106 motorcyclist cases in one day (on average only approximately five minutes per case)? Clearly that would violate the gag order.

As Mr. Clendennen noted in his previous motion, "[m]andamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Riverfront Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). Indeed, this Court has noted that "equitable principles are necessarily involved when we consider whether mandamus should issue." *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Cr. App.1987).

Of course, it is also well settled that "a party seeking an equitable remedy must do equity and come to court with clean hands." *City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 220 (Tex. App. – San Antonio 2003). In fact, the law recognizes that "the doctrine of unclean hands applies to a litigant whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, marked by a want of good faith or violates the principles of equity and righteous dealing." *Id*. at 221.[3]

In sum, "Texas courts have held that, because mandamus is governed to some extent by equitable principles, a party that comes before the court with unclean hands is **not entitled to issuance of a writ of mandamus**." *In re Simon*

---

[3]*See also Olmstead v. United States*, 277 U.S. 438, 483–484 (1928) (Brandeis, J. dissenting) (Regarding unclean hands: "The court's aid is denied only when he who seeks it has violated the law in connection with the very transaction as to which he seeks legal redress").

*Property (Delaware), Inc.* 985 S.W.2d 212, 215 (Tex. App .– Corpus Christi 1999) (emphasis added), *citing*, *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n. 2 (Tex.1990).

## V

Mr. Clendennen has now been denied his free speech rights for almost five months while Relator goes right on making statements to the media and holding press conferences. This Court should not continue to consider Relator's mandamus request, based upon equitable principles, while Relator continues to ignore the very gag order he sought. Indeed, to do so simply plays into Relator's hand and allows this Court to be used as Relator's pawn.

For that reason alone, Mr. Clendennen submits that the stay issued by this Court was improvidently granted and requests the Court to dissolve the stay as soon as practical.

Respectfully submitted,

/s/F. Clinton Broden
F. CLINTON BRODEN
TX Bar No. 24001495
Broden, Mickelsen, Helms & Snipes, LLP
2600 State Street
Dallas, Texas 75204
(214) 720-9552 (214) 720-9594(facsimile)

Attorney for Matthew Alan Clendennen

6

# CERTIFICATE OF SERVICE

I, F. Clinton Broden, do hereby certify that, on this 11th day of November, 2015, I caused a copy of the foregoing document to be served by electronic means and one courtesy paper copy on:

McLennan County District Attorney
219 N 6th St
Waco, Texas 76701

Tenth Court of Appeals
501 Washington Ave.
Waco, Texas 76701


/s/ F. Clinton Broden
F. Clinton Broden

7

# ATTACHMENT A

I, F. Clinton Broden, do hereby certify that Attachment A is a true, correct and exact copy of an article downloaded from:

http://www.wacotrib.com/news/courts_and_trials/grand-jury-indicts-bikers-in-connection-with-twin-peaks-shootout/article_b6c55ddc-873b-522d-8378-d446bb652361.html

/s/F. Clinton Broden
F. CLINTON BRODEN

# ATTACHMENT B

Attachment B is an electronic copy of Relator's Press Conference and, as such, will be submitted by hard copy. It can be found at:

http://www.kcentv.com/category/300187/shooting-at-twin-peaks

/s/F. Clinton Broden
F. CLINTON BRODEN